UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISA LOCURTO, on behalf of herself and all
others similarly situated,

                    Plaintiff,

           - against -

AT&T MOBILITY SERVICES LLC,

                  Defendant.

Civil Action No. 13-CV-4303(AT)(KNF)

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 2

ARGUMENT ........................................................................................................................... 4

I.     LOCURTO FAILS TO DEMONSTRATE GOOD CAUSE TO AMEND THE
COMPLAINT ................................................................................................................ 4

        A.     LoCurto Admits That She Failed To Exercise Diligence With Respect To
Seeking Leave To Amend The Complaint To Add New State Law Claims ......... 5

        B.     LoCurto Failed To Exercise Diligence With Respect To Seeking Leave To
Amend To Add Additional Named Plaintiffs ...................................................... 6

II.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE AMENDMENT
IS FUTILE AND WOULD CAUSE UNDUE PREJUDICE TO AT&T
MOBILITY ................................................................................................................... 7

        A.     LoCurto's Proposed Amendments Are Futile ..................................................... 8

            1.     LoCurto Lacks Standing To Assert The Proposed Claims. ..................... 8

            2.     LoCurto Attempts To Assert Claims That Do Not Apply. ..................... 13

        B.     Allowing LoCurto To Amend The Complaint Would Unduly Prejudice
AT&T Mobility ................................................................................................... 14

CONCLUSION ...................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Allee v. Medrano*,
    416 U.S. 802 (1974)............................................................................................9

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)..........................................................................................11

*Andrade v. Aerotek, Inc.*,
    No. CIV. CCB-08-2668, 2010 WL 4449333 (D. Md. Nov. 5, 2010).......................7

*Calibuso v. Bank of Am. Corp.*,
    299 F.R.D. 359 (E.D.N.Y. 2014) (Plaintiff's Brief )........................................9, 10

*Cruz v. T.D. Bank, N.A.*,
    No. 10-cv-8026 (PKC), 2016 WL 3162120 (S.D.N.Y. June 3, 2016)...................15

*Davis v. J.P. Morgan Chase & Co.*,
    827 F. Supp. 2d 172 (W.D.N.Y. Oct. 11, 2011) ...............................................11

*De Malmanche v. Glenrock Asset Mgmt. Assocs., L.P.*,
    No. 07 Civ. 10940(KNF), 2011 WL 990165 (S.D.N.Y. Mar. 16, 2011)................5

*Evans v. Syracuse City Sch. Dist.*,
    704 F.2d 44 (2d Cir. 1983)..................................................................................6

*Glass v. UBS Fin. Servs., Inc.*,
    No. 06-cv-4068(MMC), 2007 WL 221862 (N.D. Cal. Jan. 26, 2007), *aff'd*,
    331 F. App'x 452 (9th Cir. 2009) ......................................................................11

*Grochowski v. Phoenix Const.*,
    318 F.3d 80 (2d Cir. 2003)..................................................................................4

*Grupke v. GFK Custom Research N. Am.*,
    No. 13 Civ. 913(PAC), 2015 WL 363589 (S.D.N.Y. Jan. 28, 2015) ..................13

*In re HSBC Bank, USA, N.A.*,
    1 F. Supp. 3d 34 (E.D.N.Y. 2014) ....................................................................12

*Int'l Media Films, Inc. v. Lucas Entm't, Inc.*,
    No. 07 Civ. 1178 (JGK)(FM), 2008 WL 781823 (S.D.N.Y. Mar. 20, 2008)......4, 5

*Lewis v. Casey*,
    518 U.S. 343 (1996)............................................................................................8

*Lincoln v. Potter*,
    418 F. Supp. 2d 443 (S.D.N.Y. 2006) ................................................................................5

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007) ...............................................................................................8

*Moore v. Publicis Groupe SA*,
    No. 11 Civ. 1279(ALC)(AJP), 2013 WL 4483531 (S.D.N.Y. Aug. 23, 2013),
    *report and recommendation adopted*, 2013 WL 5951903 (S.D.N.Y. Oct. 30,
    2013) ...................................................................................................................... *passim*

*Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*,
    No. 08 Civ. 3697(LTS)(FM), 2009 WL 2432729 (S.D.N.Y. July 31, 2009),
    *objections overruled*, No. 08 Civ. 3697(LTS)(FM), 2010 WL 743793
    (S.D.N.Y. Mar. 2, 2010) .....................................................................................................14

*Parker v. Columbia Pictures Indus.*,
    204 F.3d 326 (2d Cir. 2000) ................................................................................................4

*Parks v. Dick's Sporting Goods, Inc.*,
    No. 05-CV-6590 (CJS), 2006 WL 1704477 (W.D.N.Y. June 15, 2006) ...............................8

*Peters v. Early Healthcare Giver, Inc.*,
    439 Md. 646 (2014) ...........................................................................................................12

*Scott v. Chipotle Mexican Grill, Inc.*,
    300 F.R.D. 193 (S.D.N.Y. 2014) ..........................................................................................7

*Sewell v. Bovis Len Lease, Inc.*,
    No. 09 Civ. 6548(RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012) ................................10

*Temple v. Circuit City Stores, Inc.*,
    Nos. 06 CV 5303(JG), 06 CV 5304(JG), 2007 WL 2790154 (E.D.N.Y. Sept.
    25, 2007) ............................................................................................................................8

*In re Wellbutrin XL Antitrust Litig.*,
    260 F.R.D. 143 (E.D. Pa. 2009) ..................................................................................12, 15

*Wilson v. Corelogic Saferent, LCC*,
    No. 14-CV-2477 (JPO), 2016 WL 482985 (S.D.N.Y. Feb. 8, 2016) ...................................15

*Zeltser v. Merrill Lynch & Co., Inc.*,
    No. 13 Civ. 1531(FM), 2014 WL 2111693 (S.D.N.Y. May 12, 2014) ..............................9, 10

**Statutes**

820 Ill. Comp. Stat. Ann. 105/12 ...................................................................................................12

820 Ill. Comp. Stat. Ann. 105/4a ................................................................................................11

Mass. Gen. Laws Ann. ch. 151, § 1B ........................................................................................12

Md. Code Ann., Lab. & Empl. § 3-507.2 ...................................................................................12

Mich. Comp. Laws Ann. § 408.420 ............................................................................................13

Tex. Lab. Code Ann. § 62.151 ....................................................................................................13

**Other Authorities**

40 Tex. Admin. Code § 821.6(b) .................................................................................................13

Defendant AT&T Mobility Services LLC ("AT&T Mobility") respectfully submits this memorandum of law in opposition to Plaintiff Lisa LoCurto's ("LoCurto") motion for leave to amend the complaint and vastly expand the scope of her purported state law wage and hour class action to claimants in an additional ten jurisdictions (Dkt. #178-1) ("Plaintiff's Brief").

## PRELIMINARY STATEMENT

LoCurto brought this action in June of 2013 under the Fair Labor Standards Act ("FLSA") and New Jersey and New York labor laws, asserting that she was improperly denied overtime in her position as a Retail Account Executive ("RAE") for AT&T Mobility.  Now, over three years later, after numerous depositions, the exchange of significant discovery, and motions for summary judgment, LoCurto seeks to amend her complaint to add five additional named plaintiffs and claims under the laws of ten different states.  LoCurto provides no explanation for her *three-year* delay.  Likewise, LoCurto provides no explanation for her blatant failure to abide by the scheduling order governing this case, which required motions to amend the pleadings be filed in October 2013.  (Civil Case Management Plan and Scheduling Order, August 28, 2013, Dkt. #21 ("Scheduling Order"); Dkt. #23.)  Given this limitation in the Scheduling Order, the burden rests with LoCurto to provide good cause to amend the Order, not with AT&T Mobility. As LoCurto's motion provides *zero explanation* for her *three-year delay*, the good cause standard cannot be met and LoCurto's motion should be denied.

However, even if the burden did rest with AT&T Mobility, LoCurto's motion should still be denied because LoCurto's proposed amendments would cause undue prejudice to AT&T Mobility by requiring it to expend significant additional resources and significantly delay the resolution of the dispute, as the addition of ten states' worth of class members in this fact-specific case would necessitate massive additional discovery.  Further, LoCurto's proposed amendments are futile, as LoCurto does not have standing to serve as class representative for

claims under state laws in jurisdictions where she did not work, and LoCurto attempts to add claims under state laws which do not even apply to AT&T Mobility. Moreover, the amendments raise serious trial management and adequacy issues.

AT&T Mobility asks this Court to enforce the Scheduling Order previously entered, and deny LoCurto's proposed motion which lacks good cause, would create undue burden, and would seriously delay the resolution of this case, which is already more than three-and-one-half years old.

## FACTUAL BACKGROUND

On June 20, 2013, LoCurto filed the Complaint on behalf of herself and all others similarly situated, asserting that AT&T Mobility had misclassified her as an exempt employee and failed to pay her overtime in violation of the FLSA, New York and New Jersey labor laws. (Dkt. #1.) AT&T Mobility filed its Answer to the Complaint on August 12, 2013. (Dkt. #14.) On August 28, 2013, the Court entered the Scheduling Order which, as required by Federal Rule of Civil Procedure ("Rule") 16(b)(3)(A), limited the time to file a motion to amend the pleadings. (Dkt. #21.) The parties' deadline to seek leave to amend was subsequently extended by 30 days to October 27, 2013. (Dkt. #23.)

On August 18, 2014, Judge Analisa Torres granted LoCurto's motion for conditional class certification under the FLSA (Dkt. #111), and provided for a sixty-day opt-in period beginning September 2, 2014. (Dkt. #112.) During the opt-in period, out of 347 individuals who received notice of the collective action and their opportunity to join the class, only *nineteen* chose to opt-in. LoCurto did not attempt to add any of these individuals as named plaintiffs in 2014 or 2015, nor did she request leave to assert additional state law claims.

While two additional plaintiffs, Eudora Brooks and Nikki Amari, were named in the original suit, their claims were voluntarily dismissed and pursued in an arbitration which

proceeded concurrently with this litigation. Ms. Brooks and Ms. Amari were later joined by a third claimant, Juan Figuereo. The parties in the arbitration were represented by the same counsel as in the present litigation. The parties conducted significant discovery in this litigation and the concurrent arbitration, including taking seven depositions—including those of LoCurto, the three arbitration claimants, and two individuals who had worked as RAEs—and producing thousands of documents, including the declarations of twenty-seven RAEs and NRAEs regarding their job duties and hours worked.

In May 2015, after the parties filed cross-motions for summary judgment, the arbitrator granted summary judgment to AT&T Mobility. After considering the evidence presented and relying heavily on the deposition testimony provided, the arbitrator found that RAEs exercised discretion and independent judgment with respect to matters of significance, making their position exempt under the FLSA and labor laws of New Jersey and New York. The parties subsequently filed cross-motions for summary judgment in this litigation. In September 2016, Judge Torres ruled that LoCurto was not an exempt employee, as she did not exercise independent judgment with respect to matters of significance. (Dkt. #173.) The Court's ruling relied significantly on LoCurto's deposition testimony, which, in contrast to the more candid testimony of other RAEs, significantly downplayed the responsibilities of her RAE role. *Id.*

Now, *over three years* after the deadline set by the Court and *over two years* after the close of the FLSA opt-in period, LoCurto seeks leave to amend her Complaint to add five named plaintiffs and state law claims from ten jurisdictions. LoCurto provides no reason for her delay.

## ARGUMENT

**I.      LOCURTO FAILS TO DEMONSTRATE GOOD CAUSE TO AMEND THE COMPLAINT**

LoCurto's untimely request should be denied as she fails to show good cause to amend the Court's Scheduling Order setting the deadline to amend the pleadings.

LoCurto asserts in her motion that "there was no scheduling order entered in this case requiring new parties or claims to be added by a particular date." (Plaintiff's Brief at 2; *see id.* at 4.)  This is not the case.  On August 28, 2013, the Court so-ordered the parties' Civil Case Management Plan and Scheduling Order.  (*See* Scheduling Order, Dkt. #21.)  The Scheduling Order states that "[a]mended pleadings may not be filed and additional parties may not be joined except with leave of this Court.  Any motion to amend or join additional parties shall be filed within thirty days from the date of this Order."  *Id.* at ¶ 3.  The Court subsequently extended the parties' deadline to seek leave to amend by 30 days to October 27, 2013.  (Dkt. #23.)  LoCurto submits this motion over three years after the Court-ordered deadline.

Where a scheduling order has been entered, the standard for amendment under Rule 15(a) "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"  *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (denying motion for leave to amend).  While "[t]he court may also consider whether the amendment will prejudice the non-moving party . . . . [t]he absence of prejudice to the non-moving party . . . is not alone sufficient to satisfy the good cause requirement of Rule 16(b)."  *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, No. 07 Civ. 1178 (JGK)(FM), 2008 WL 781823, at *2 (S.D.N.Y. Mar. 20, 2008).  "[A] finding of good cause depends on the diligence of the moving party."  *Id.*; *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (same).  As this Court has held, the moving party bears the

burden of proving its diligence before the standards of Rule 15 will be considered.  *See De Malmanche v. Glenrock Asset Mgmt. Assocs., L.P.*, No. 07 Civ. 10940(KNF), 2011 WL 990165, at *5 (S.D.N.Y. Mar. 16, 2011) (Fox, J.) ("After the moving party demonstrates diligence under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper.").  Second Circuit precedent indicates that "application of the good cause standard [in Rule 16(b)] is mandatory."  *Int'l Media Films, Inc.*, 2008 WL 781823, at *3.

To meet the diligence requirement for good cause, "the movant must show that the deadlines cannot be reasonably met despite its diligence.  'If a party was not diligent, the good cause inquiry should end.'" *Lincoln v. Potter*, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006) (denying leave to amend where "the facts underlying [plaintiff's] claim of hostile work environment were known to plaintiff at the time this action was filed . . . .") (citations and alterations omitted).  "The good cause standard is not met when the proposed amendment rests on information that the [moving] party knew, or should have known, earlier." *Moore v. Publicis Groupe SA*, No. 11 Civ. 1279(ALC)(AJP), 2013 WL 4483531, at *5 (S.D.N.Y. Aug. 23, 2013), *report and recommendation adopted*, 2013 WL 5951903 (S.D.N.Y. Oct. 30, 2013)) (citations omitted).

LoCurto fails to show good cause to amend her Complaint in violation the Scheduling Order as she has not demonstrated why her amendments to add state law claims, or named plaintiffs, could not have been made earlier.

A. **LoCurto Admits That She Failed To Exercise Diligence With Respect To Seeking Leave To Amend The Complaint To Add New State Law Claims**

LoCurto essentially admits that her proposed amendments could have been filed earlier as she acknowledges that the amendment rests on knowledge she had when she filed her initial Complaint.  Indeed, LoCurto states that "AT&T cannot argue it is unfairly surprised by the

amendment . . . . [as] . . . . the new state law claims are based on the same facts as the overtime claims previously pled . . . ."   (Plaintiff's Brief at 2; *see also* Complaint ¶ 25 ("Defendant employs at this time approximately 811 Retail Account Executive[s] all over the United States.").)   However, this argument directly exposes LoCurto's lack of diligence and strongly supports denial of her motion for leave to amend.  *See Moore*, 2013 WL 4483531, at *7 (in denying plaintiffs' motion to amend, stating "[i]f, as Plaintiffs argue, Defendants should have known that there were FMLA and 'caregiver' class-based theories in the case, then it is necessarily true that Plaintiffs could have asserted those new claims earlier and that their failure to do so reveals a lack of diligence.  Plaintiffs cannot have it both ways . . . .").  As LoCurto's new claims are based on the same facts contained in her original complaint, there is no reason, let alone a compelling one, for LoCurto's three-year delay in seeking to amend the Complaint.  *See Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (where party waited two years and nine months to amend, it "had the burden of showing a compelling reason for the delay[ ]").  As LoCurto failed to exercise the required diligence, her motion should be denied.

### B.   LoCurto Failed To Exercise Diligence With Respect To Seeking Leave To Amend To Add Additional Named Plaintiffs

LoCurto also failed to exercise due diligence with respect to the addition of named plaintiffs.  LoCurto seeks to add five individuals as named plaintiffs—Aldo Martino, Cortland Ward, Jasmine Briscoe, Cheryl Foster, and Shanta Spencer.  LoCurto has known of each of these individuals for more than two years because each of these individuals provided their consent to opt-in to the class in September and October of 2014.[1]  (Exhibit A to LoCurto's Proposed Amended Complaint, Dkt. #178-3.)  Yet, LoCurto took no action to amend the complaint in the

---

[1] While these individuals consented to opt-in to the FLSA class, we note that LoCurto has furnished no evidence that any of these individuals have consented to act as a class representative for the classes LoCurto now proposes, nor any evidence that these individuals understand and accept their duties as class representatives.

two years since the proposed new plaintiffs opted into this matter and provides no justification for her inaction.  As LoCurto provides no reason for this two-year delay and failed to exercise diligence by moving to add these named plaintiffs at an earlier date, her motion must be denied. *See Moore*, 2013 WL 4483531 at *9 (denying motion to amend complaint to add opt-in plaintiffs where there was no explanation for a delay of under one year from the individual's opt-in date); s*ee also Andrade v. Aerotek, Inc.*, No. CIV. CCB-08-2668, 2010 WL 4449333, at *3-4 (D. Md. Nov. 5, 2010) (denying motion to amend in order to add named plaintiffs when plaintiff waited fourteen months from their opting-in to the class to do so).

In her motion, LoCurto relies heavily on *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014), in arguing that her untimely motion should be accepted.  (Plaintiff's Brief at 8-9.)  However, in *Scott*, the court found that the plaintiffs had been reasonably diligent where they moved to add additional named plaintiffs *within three months* of the close of the opt-in period.  *Scott*, 300 F.R.D. at 199.  The court found this reasonable, citing cases permitting the addition of named plaintiffs within two, five or six months after the opt-in period had closed.  *Id.* These situations are completely distinguishable from LoCurto's situation, in which she has delayed *over two years* after the close of the opt-in period before attempting to add these named plaintiffs without offering any excuse or explanation for the delay.  (*See* Notice of Lawsuit Filed Against AT&T Mobility Seeking Overtime Pay, Dkt. #112.)  As LoCurto has provided no cause for her two-year delay, she cannot show the required diligence and her motion should be denied.

## II.   LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE AMENDMENT IS FUTILE AND WOULD CAUSE UNDUE PREJUDICE TO AT&T MOBILITY

While LoCurto's motion should be denied because she fails to demonstrate good cause under Rule 16(b), it also fails the analysis under Rule 15.  When assessing a request for leave to amend under Rule 15, the court may deny leave "for good reason, including futility, bad faith,

- 7 -

undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In addition to the undue delay previously discussed, leave to amend should also be denied because the proposed amendments would be futile and would cause undue prejudice to AT&T Mobility.

### A.      LoCurto's Proposed Amendments Are Futile

LoCurto's request to file an amended complaint to add claims under ten different state laws should be denied on futility grounds. Not only does LoCurto lack standing to assert claims under the laws of states where she never worked, but the proposed amendments raise significant adequacy and trial manageability issues, and LoCurto seeks to add claims under state laws which do not even apply to AT&T Mobility.

### 1.      *LoCurto Lacks Standing To Assert The Proposed Claims.*

LoCurto is simply incorrect that she has standing to assert claims under the laws of states where she never worked. (Plaintiff's Brief at 13-14.) Of course, standing requirements do not disappear in the class action context, and LoCurto does not and cannot demonstrate that her employment with AT&T Mobility was subject to the laws of states other than New York and New Jersey or that she suffered an injury under the laws of any other states. *See, e.g., Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 (CJS), 2006 WL 1704477, at *1-2 (W.D.N.Y. June 15, 2006) (granting motion for partial judgment on the pleadings where plaintiff who worked in New York sought to bring claims under the FLSA, New York Labor Law, "and the laws of the various other States in which defendant does business"; *"[T]he Court finds that the plaintiff, Daniel Parks, lacks standing to assert state-law claims arising under the laws of states other than New York."*) (emphasis added); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996) (standing requirements are "no less true with respect to class actions than with respect to other suits"); *Temple v. Circuit City Stores, Inc.*, Nos. 06 CV 5303(JG), 06 CV 5304(JG), 2007 WL

2790154, at *8 (E.D.N.Y. Sept. 25, 2007) ("[T]he plaintiffs allege no injury within any state other than Tennessee.  Such injuries, if they occurred, were suffered by other people.  The plaintiffs therefore have no standing to bring claims for injuries under the laws of the non-Tennessee states, and I therefore dismiss those claims for lack of subject matter jurisdiction.").

Indeed, as the court noted in a case relied upon by LoCurto in her own brief, *Calibuso v. Bank of Am. Corp.*, 299 F.R.D. 359 (E.D.N.Y. 2014) (Plaintiff's Brief at 14), the state law claims asserted by the named plaintiffs were necessarily limited to the states where they worked "*since Named Plaintiffs could only bring such claims on behalf of the [class members] that they could otherwise bring on their own behalf.*"  *Calibuso*, 299 F.R.D. at 365 n.13 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)))) (emphasis added); *see also Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) ("[A] named plaintiff cannot acquire standing to sue by bringing the action on behalf of others who suffered the injury which would have afforded them standing had they been plaintiffs. . . .").

LoCurto points to no authority to the contrary.  First, LoCurto incorrectly claims that the court in *Zeltser v. Merrill Lynch & Co., Inc.*, No. 13 Civ. 1531(FM), 2014 WL 2111693 (S.D.N.Y. May 12, 2014), allowed "named plaintiffs in one state to serve as class representative for plaintiffs who worked elsewhere."  (Plaintiff's Brief at 13.)  In *Zeltser*, the named plaintiffs worked in New York and California and asserted state law class claims only under New York and California law.  *Zeltser*, 2014 WL 2111693, at *2; First Amended Complaint, ¶¶ 10-11, 19,

36, 53, *Zeltzer v. Merrill Lynch & Co., Inc.*, No. 13 Civ. 1531(FM), Docket No. 41 ("[Plaintiffs Zeltser and Tyutyunik] bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who worked in New York . . . . . [Plaintiff Brock] brings this action on behalf of himself and all similarly situated current and former employees of Defendants who worked in California . . . . Zeltser worked in banking centers located in New York, New York . . . . Tyutyunik worked in banking centered located in New York, New York . . . . Brock worked in banking centers located in Los Angeles, California[.]").

Likewise, although LoCurto claims that the court in *Sewell v. Bovis Len Lease, Inc.*, No. 09 Civ. 6548(RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012), "found that named Plaintiffs employed in New York and New Jersey were adequate representatives of . . . nationwide state law claims" (Plaintiff's Brief at 13), in fact, the only state law claims alleged in the complaint were brought under New York and New Jersey law. *Sewell*, 2012 WL 1320124, at *1. Similarly, contrary to LoCurto's representation (Plaintiff's Brief at 14), in *Calibuso*, the named plaintiffs, who worked in New York, Florida, Missouri, and New Jersey, asserted state law class claims only under the laws of those states. *See Calibuso*, 299 F.R.D. at 361, 365 n.13 ("The state-law Sub-class Claims apply to a small subset of states and brokers—Legacy Bank of America brokers for New York and Florida and . . . brokers for Missouri and New Jersey—since Named Plaintiffs could only bring such claims on behalf of the Settlement Subclasses that they could otherwise bring on their own behalf. Goedtel was a New York-based Legacy Bank of America broker; Calibuso and Moss were both Florida-based Legacy Bank of America brokers; Evans was a Missouri-based Legacy Merrill Lynch broker; and DeSalvatore was a New Jersey-based Legacy Merrill Lynch broker.") (citing *Simon*, 426 U.S. at 40 n.20).

LoCurto's reliance on *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y. Oct. 11, 2011), and *Glass v. UBS Fin. Servs., Inc.*, No. 06-cv-4068(MMC), 2007 WL 221862 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (Plaintiff's Brief at 14), also is misplaced.  In those cases, the named plaintiffs brought claims only under the laws of the states where they worked; however, the parties chose to negotiate global settlements to cover all or almost all locations where the defendant employed class members.  *See Davis*, 827 F. Supp. 2d at 175, 187; *Glass*, 2007 WL 221862, at *1.  The parties were able to do this because the criteria for determining class certification in the settlement context is different, and district courts need not focus on the manageability challenges that would be faced when trying a class action.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-20 (1997).  In particular, significant adequacy issues would arise where a named plaintiff with claims under a certain state law purports to represent class members with claims under the laws of various other states—the named plaintiff's interests would not be aligned with those of the absent class members in other states, where the laws are different and where the named plaintiff has no individual claim.  The *Glass* court recognized this challenge, stressing that "'given the diverse law that surrounds overtime eligibility and wage deductions across the country,' it was by no means certain that plaintiffs would have been able to obtain certification of 'the wall-to-wall class that UBS is willing to accept for settlement purposes.'"  *Glass*, 2007 WL 221862, at *4.

LoCurto's proposed amended complaint—which seeks to add claims under ten additional state laws—presents exactly the trial manageability and adequacy issues acknowledged by the court in *Glass* as likely to bar class certification.  For example, LoCurto's proposed amended complaint purports to add state law claims under Illinois law (which follows the FLSA's prior "short test" for the administrative exemption and provides for different damages (*see* 820 Ill.

Comp. Stat. Ann. 105/4a; 820 Ill. Comp. Stat. Ann. 105/12)), Maryland law (which permits an award of treble damages (*see* Md. Code Ann., Lab. & Empl. § 3-507.2; *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646 (2014))), Massachusetts law (which permits an award of treble damages (*see* Mass. Gen. Laws Ann. ch. 151, § 1B)), and Rhode Island (which utilizes a different salary basis test (*see* 28 R.I. Gen. Laws Ann. § 28-12-4.3(a)(4)).   Such differences highlight both the trial management problems the proposed class would face, as well as LoCurto's inability to serve as a class representative for class members with claims that she does not share.  *See, e.g.*, *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009) ("[Certifying a class action without named plaintiffs who have standing to assert each claim would] allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union.   At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share.  That would present the precise problem that the limitations of standing seek to avoid.   The Court will not indulge in the prolonged and expensive implications of the plaintiffs' position only to be faced with the same problem months down the road."); *see also In re HSBC Bank, USA, N.A.*, 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014) ("[T]he Court finds that the named Plaintiffs lack standing to bring claims under state laws to which Plaintiff have not been subjected . . . .   Moreover, the Court notes that 'if Plaintiff seeks leave to amend the amended consolidated class action complaint to add a named representative from each state, the Court . . . notes the obvious fact that it would be difficult for the Court to adjudicate claims under the laws of all of the states listed in the hypothetical second amended

consolidated class action complaint, especially in light of the discrepancies between the states' laws.'") (alterations and citation omitted).

The case law, including that cited by LoCurto, is clear that LoCurto does not have standing to assert claims in states in which she performed no work.   Accordingly, any amendment to assert such claims is futile.   Moreover, as the cases asserted by LoCurto demonstrate, there are serious manageability and adequacy problems presented by the proposed amended complaint.

### 2.   *LoCurto Attempts To Assert Claims That Do Not Apply.*

The futility of LoCurto's proposed amended complaint is further illustrated by her attempt to bring claims under state laws that do not apply to AT&T Mobility.   First, the relevant Texas state law does not cover workers who are covered by the FLSA, and does not even provide a remedy for unpaid overtime, only the failure to pay minimum wages.   *See* Tex. Lab. Code Ann. § 62.151 ("This chapter and a municipal ordinance or charter provision governing wages in private employment, other than wages under a public contract, do not apply to a person covered by the Fair Labor Standards Act of 1938."); *see also* 40 Tex. Admin. Code § 821.6(b).   Likewise, the Michigan Work Force Opportunity Wage Act "does not apply to an employer that is subject to the minimum wage provisions of the fair labor standards act of 1938, 29 USC 201 to 219[.]" Mich. Comp. Laws Ann. § 408.420; *see also Grupke v. GFK Custom Research N. Am.*, No. 13 Civ. 913(PAC), 2015 WL 363589, at *8 (S.D.N.Y. Jan. 28, 2015) ("[Defendant] argues that the overtime provisions of the MMWL do not apply because the MMWL exempts employers otherwise covered by the FLSA. . . .   Michigan law holds that employers subject to the FLSA are not also subject to the MMWL.   Accordingly, the Court grants [defendant] summary judgment on [plaintiff's] MMWL claim.") (citations omitted).   As these proposed amendments fail to state

a claim upon which relief can be granted, it would be futile to amend the complaint to include them.  As such the Court should deny LoCurto's motion for leave to amend.

### B.   Allowing LoCurto To Amend The Complaint Would Unduly Prejudice AT&T Mobility

In addition to being futile and lacking good cause, LoCurto's motion for leave to amend should also be denied because the proposed amendment would result in undue prejudice to AT&T Mobility as it would require AT&T Mobility to expend significant additional resources to conduct discovery and prepare for trial and significantly delay the resolution of the dispute.[2]  *See Moore*, 2013 WL 4483531, at *5.

Due to the nature of this dispute, adding the state law claims proposed by LoCurto would massively increase the burden of discovery.   The determination as to whether a particular individual's job duties meet the administrative exemption is heavily dependent on the testimony of individual employees.   Nothing more clearly demonstrates this fact than Judge Torres' summary judgment ruling, which relied heavily on the deposition testimony of LoCurto in finding that she was not an exempt employee (Dkt. #173)[3], as compared to the decision of the arbitrator, which, in relying on the deposition testimony of Ms. Brooks, Ms. Amari and Mr. Figuereo, found the RAE position to be exempt.  (Exhibit A to AT&T Mobility's Motion for Summary Judgment, Dkt. #144-1.)  If the Court were to allow LoCurto's amendment, AT&T Mobility would need to depose and obtain document discovery from possibly hundreds of

---

[2] However, even if LoCurto's proposed amendments would not result in any prejudice to AT&T Mobility, her motion to amend should still be denied for lack of good cause.  *See Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08 Civ. 3697(LTS)(FM), 2009 WL 2432729, at *3 (S.D.N.Y. July 31, 2009), *objections overruled*, No. 08 Civ. 3697(LTS)(FM), 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010) ("The fact that [the non-moving party] might suffer no prejudice if the answer were to be amended does not suggest [moving party] should be granted leave to amend in the absence of a showing of good cause.").

[3] To be clear, AT&T Mobility does not concede the correctness of that ruling, but any challenge must await the entry of the Court's final judgment.

- 14 -

individuals, requiring AT&T Mobility to "expend significant additional resources to conduct discovery," "significantly delay[ing] the resolution of the dispute." *Moore*, 2013 WL 4483531, at \*5. Such an increase and further delay at this late stage would be unduly prejudicial to AT&T Mobility. *See Wilson v. Corelogic Saferent, LCC*, No. 14-CV-2477 (JPO), 2016 WL 482985, at \*3 (S.D.N.Y. Feb. 8, 2016) (finding that the addition of a class based claim would result in prejudice to the defendant based on "the burden and expense of discovery that [defendant] would be motivated to serve[ ]"); *See, e.g.*, *Wellbutrin*, 260 F.R.D. at 155 (recognizing that expanding class litigation to add a number of state law claims would result in "prolonged . . . expensive" and "lengthy class discovery").

Further, as previously discussed, the addition of state law claims from ten additional states, some of which are distinct from the FLSA, will create serious trial manageability issues and significantly increase the complexity of any motion for class certification, requiring the expenditure of additional resources. *See Cruz v. T.D. Bank, N.A.*, No. 10-cv-8026 (PKC), 2016 WL 3162120, at \*1 (S.D.N.Y. June 3, 2016) (finding prejudice to the defendant where amendment would result in additional "cost and duration of motion practice" because of the increased "complexity" which would result from the proposed amendments).

As LoCurto's proposed amendments would require a massive amount of additional discovery and cause serious trial management issues, prejudicing AT&T Mobility, LoCurto's motion should be denied.

## **CONCLUSION**

For all of the foregoing reasons, AT&T Mobility respectfully request the Court deny LoCurto's motion for leave to amend the complaint.

Dated:   December 21, 2016                    Respectfully submitted,
         New York, New York

                                              PAUL HASTINGS LLP

                                              By:   ____/s/ Patrick W. Shea_____
                                                    Patrick W. Shea

                                              200 Park Avenue
                                              New York, New York 10166
                                              (212) 318-6000
                                              patrickshea@paulhastings.com

                                              *Attorneys for Defendant*
                                              AT&T MOBILITY SERVICES LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2016, a copy of the foregoing Memorandum of

Law Opposition to Plaintiff's Motion for Leave to Amend the Complaint was filed electronically

and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent

by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone

unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may

access this filing through the Court's CM/ECF System.

_____/s/  Patrick W. Shea_____
Patrick W. Shea