UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISA LOCURTO, on behalf of herself and all : 
others similarly situated,
                                Plaintiff, :

              v. :

AT & T MOBILITY SERVICES LLC, :

                              Defendant. :
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

13-CV-4303 (AT) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**PROCEDURAL HISTORY**

On June 20, 2013, plaintiff[1] Lisa LoCurto ("LoCurto") commenced this action against AT&T Mobility Services LLC ("AT&T") to recover unpaid overtime compensation on behalf of herself and "other 'Retail Account Executive' ['RAE'] employees and former employees similarly situated," pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), the New York Labor Law and the New Jersey State Wage and Hour Law. On August 18, 2014, the assigned district judge: (1) granted the plaintiff's motion to certify conditionally a collective action under the FLSA, 29 U.S.C. § 216(b); (2) authorized the plaintiff's revised FLSA litigation notice "with the modifications listed at the end of this order" to be sent to potential FLSA opt-in plaintiffs; and (3) required the defendant to provide to the plaintiff "a computer-readable list of all names, last known addresses, dates and locations of employment, and positions held for all current and former RAEs employed by AT&T Mobility on or after June 20, 2010, with the exception of RAEs who: (a) agreed to arbitrate their overtime claims with Defendant; (b) settled their FLSA claims with Defendant that accrued during the FLSA Class Period; or (c) annually

---

[1] The original plaintiffs included Nikki Amari and Eudora Brooks, who dismissed their claims voluntarily, without prejudice, on July 23, 2013.

1

earned during the FLSA Class Period compensation (including base salary and commissions) of $100,000 or more, which includes at least $455/week paid on a salary basis." (Docket Entry No. 111). The revised FLSA litigation notice and consent to participate in the litigation form (Docket Entry No. 112) were approved (Docket Entry No. 113). The revised FLSA litigation notice states:

> PERSONS ELIGIBLE TO PARTICIPATE IN LAWSUIT
> Current or former RAEs who on or after June 20, 2010 (the 'Class Period') performed any work for AT&T Mobility in the United States in excess of forty (40) hours in any given work week are eligible to join this Lawsuit, unless you (a) annually earned during the Class Period total compensation (including base salary and commissions) of $100,000 or more, which includes at least $455/week paid on a salary basis; (b) agreed to arbitrate your legal disputes with AT&T Mobility; or (c) participated in a lawsuit captioned Ruben Reyes, et. al. v. AT&T Corp., United States District Court for the Southern District of Florida, Case No. 10-20837 and already recovered in that lawsuit all overtime compensation due you for any time worked after June 20, 2010.

From September 16 to October 30, 2014, nineteen persons filed consent to participate in the litigation forms ("opt-in consent form").[2]

Thereafter, the plaintiff made a motion for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, "on the issue of liability, to wit: that the AT&T Mobility Retail Account Executive position is a non-exempt position entitling Plaintiff, and all others similarly situated, to overtime pay for hours worked in excess of forty (40) in a given work week under the [FLSA]; New York Labor Law § 651 and 12 N.Y.C.R.R. § 142-2.2; and New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4; and their respective regulations." (Docket Entry No. 141). The defendant made a motion for summary judgment. (Docket Entry

---

[2] The nineteen persons who filed the FLSA opt-in consent forms are: Ronald A. Kovach, Shanta W. Spenser, Marla J. Yowell, Reysan Almonte, Eugene Cascioli, John Walker, Toni Bryank, Cheryl A. Foster, Holly Smith, Aldo Martino, Dustin Daily, Wanda Vaughn, Brandi R. Cousin, Angela Runnels, Jasmine Briscoe, Devin Lombard, Cortland Ward, Anthony Renzi and Erick L. Henton.

No. 142). The defendant's motion was denied and the plaintiff's motion was "GRANTED in part and the Court's decision on the balance of the motion is held in abeyance," namely, the plaintiff's motion was granted "with respect to LoCurto's FLSA claim, and held in abeyance with respect to the opt-in Plaintiffs." (Docket Entry No. 173). Before the Court is the plaintiff's motion to amend the complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Docket Entry No. 178). The defendant opposes the motion.

## PROPOSED AMENDED COMPLAINT

The plaintiffs allege, in the "SUMMARY" section of the proposed amended complaint, that the named plaintiffs, LoCurto, Aldo Martino, Jasmine Briscoe, Cortland Ward, Cheryl Foster and Shanta Spencer, "bring this action under [the FLSA] on behalf of all retail account executives ('Salespersons') nationwide who worked overtime hours for AT&T during the class period as well as under state wage and hour laws in Florida, Illinois, Texas, Rhode Island, New York, New Jersey, Maryland, Missouri, North Carolina, Michigan, Massachusetts and Ohio for all plaintiffs who worked in those states. Plaintiffs seek to recover unpaid overtime compensation, liquidated damages and/or punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and for such other relief as this Court deems just and equitable relating to Defendant's ongoing and willful violations of federal and state law." In the "PARTIES," "The Named and Opt-In Plaintiffs" section of the proposed amended complaint, the following is alleged:

> The Opt-In Plaintiffs in this action are/were Salespersons for Defendant, who held similar positions to the Named Plaintiffs, who were employed by and worked overtime for AT&T on or after June 20, 2010, with the exception of those Salespersons who agreed to arbitrate their overtime claims with AT&T, settled their FLSA claims with Defendant that accrued during the FLSA class period, or annually earned during the FLSA class period compensation (including base salary and commissions) of $100,000 or more which includes at least $455/week paid on a salary basis. . . . At all times relevant herein, the work performed by the Named

3

> Plaintiffs and the similarly situated Opt-In Salespersons was directly essential to the business performed by Defendant.

In the "STATEMENT OF FACTS" section of the proposed amended complaint, the following is alleged, inter alia:

> In order to keep its retail vendors or "accounts" appraised of its current products and services, as well as current promotions, and in order to drive sales, Defendant employs hundreds of Salespersons all over the United States. . . . A copy of the job description for a typical Salesperson position known as a Retail Account Executive is annexed hereto as Exhibit "B." . . . Defendant employed Lo Curto as a Salesperson from October 2006 until January 2016.

In the "COLLECTIVE ACTION ALLEGATIONS" section of the proposed amended complaint, the plaintiffs allege:

> There are dozens, if not hundreds, of other Salespersons of Defendant who are similarly situated to the Named Plaintiffs in that: (a) they perform or performed work as hourly employees in positions similar to those of the Named Plaintiffs and; (b) Defendant, pursuant to a common policy applicable to all Salespersons, failed and refused, and continues to fail and refuse, to pay overtime premium pay to those employees for hours worked over forty (40) each workweek.

In the "CLASS ACTION ALLEGATIONS" section of the proposed amended complaint, it is alleged that "[t]he named plaintiffs also seek to bring their state law claims individually and as a class action pursuant to Fed. R. Civ. P. 23." The proposed amended complaint includes the following claims: (1) "COUNT I: PLATINFFS' [SIC] FLSA OVERTIME CLAIMS"; and (2) "COUNT II: PLAINTIFFS' STATE LAW OVERTIME CLAIMS." In the prayer for relief section of the proposed amended complaint, the following is alleged:

> **WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor against Defendant:
> A. Declaring that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA and various state laws;
> B. Awarding Plaintiffs overtime compensation in the amounts due to them for all time worked in excess of 40 hours per work week;
> C. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;
> D. Awarding Plaintiffs punitive damages under various state laws;

E. Awarding Plaintiffs reasonable attorneys' fees, costs and expenses of litigation pursuant to 29 U.S.C. § 216(b) and under various state laws;
F. Awarding Plaintiffs pre-judgment and post-judgment interest;
G. Enjoining Defendant from further violations of the Fair Labor Standards Act and various state wage and hour laws; and
H. Ordering such further relief as this Court deems just and equitable under the circumstances.

## LEGAL STANDARD

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977). "A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

## APPLICATION OF LEGAL STANDARD

Summary judgment on the plaintiff's FLSA claim asserted in the original complaint has already been granted (Docket Entry No. 173), and the only matters remaining respecting the plaintiff's FLSA claim asserted in the original complaint are the determination of the: (1) amount of damages; and (2) equitable relief to be awarded. Summary judgment on the FLSA claim asserted in the original claim was granted with respect to the "PERSONS ELIGIBLE TO PARTICIPATE IN LAWSUIT," as defined in the revised FLSA litigation notice approved in this action, namely:

> Current or former RAEs who on or after June 20, 2010 (the 'Class Period') performed any work for AT&T Mobility in the United States in excess of forty (40) hours in any given work week are eligible to join this Lawsuit, unless you (a) annually earned during the Class Period total compensation (including base salary and commissions) of $100,000 or more, which includes at least $455/week paid on a salary basis; (b) agreed to arbitrate your legal disputes with AT&T Mobility; or (c) participated in a lawsuit captioned Ruben Reyes, et. al. v. AT&T Corp., United States District Court for the Southern District of Florida, Case No. 10-20837 and already recovered in that lawsuit all overtime compensation due you for any time worked after June 20, 2010.

The proposed amended complaint asserts, erroneously and contrary to the revised FLSA litigation notice approved in this action defining the "PERSONS ELIGIBLE TO PARTICIPATE IN LAWSUIT," that "[t]he Opt-In Plaintiffs in this action are/were Salespersons for Defendant, who held similar positions to the Named Plaintiffs, who were employed by and worked overtime for AT&T on or after June 20, 2010, with the exception of those Salespersons who agreed to arbitrate their overtime claims with AT&T, settled their FLSA claims with Defendant that accrued during the FLSA class period, or annually earned during the FLSA class period compensation (including base salary and commissions) of $100,000 or more which includes at least $455/week paid on a salary basis." The revised FLSA litigation notice approved in this action does not mention or include "Salespersons" or "Salespersons for Defendant, who held similar positions to the Named Plaintiffs." The original complaint did not assert that "Defendant employs hundreds of Salespersons," inter alia, "in order to drive sales." Most importantly, the original complaint asserted that "[a] copy of the job description for the position of Retail Account Executive is annexed hereto as Exhibit 'B'," whereas the proposed amended complaint asserts that "[a] copy of the job description for **a typical Salesperson position** known as a Retail Account Executive is annexed hereto as Exhibit 'B'" (emphasis added).

The added and modified language of the proposed amended complaint indicates that the plaintiff seeks to redefine the group of persons alleging the FLSA violations and assert state-law causes of action on behalf of those persons. However, regardless of whether the plaintiff seeks to redefine the group of persons alleging the FLSA violations, in the circumstance of this case, where a judgment already exists establishing the liability of the defendant under the FLSA, the plaintiff "must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or

6

60(b)," before she can obtain leave to amend the complaint. Ruotolo, 514 F.3d at 191. As the plaintiff made no motion to vacate or set aside her FLSA claim judgment obtained with respect to the original complaint, granting her post-judgment motion, for leave to amend the complaint, is not warranted.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to amend the complaint, Docket Entry No. 178, is denied.

Dated:   New York, New York
        March 28, 2017

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE