UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA LOCURTO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>AT&T MOBILITY SERVICES LLC,<br><br>Defendant. | Civil Action No. 13-CV-4303(AT)(KNF) |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant AT&T Mobility Services LLC ("AT&T Mobility") respectfully submits this memorandum of law in opposition to Plaintiff Lisa LoCurto's ("LoCurto") motion for reconsideration of the Court's ruling on LoCurto's motion for leave to amend the complaint. (Dkt. #194.)

Almost four years after LoCurto commenced this action under the Fair Labor Standards Act (the "FLSA") and New Jersey and New York labor laws, over three years after the deadline established by the Court's scheduling order for seeking leave to file an amended pleading, and over two years after the close of the FLSA opt-in period, LoCurto filed a motion for leave to amend her complaint to add five additional named plaintiffs and to add new claims under the laws of ten different states. (Dkt. #178.) As set forth in AT&T Mobility's opposition papers, LoCurto failed to establish good cause for her extreme delay in seeking leave to amend. (Dkt. #183; Dkt. #190.) Accordingly, the Court properly denied LoCurto leave to amend the complaint.

Now, once again without basis and without regard to her applicable burden, LoCurto asks the Court to reconsider its denial of LoCurto's belated motion for leave to file an amended complaint. (Dkt. #191.) For the reasons below, LoCurto's request should be denied.

I.  **LOCURTO'S MOTION FOR RECONSIDERATION SHOULD BE DENIED**

"The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Nico Mexi Food, Inc. v. Abarrotera Cent. # 2 Wholesale, Corp.*, No. 14-CV-296 (KNF), 2016 U.S. Dist. LEXIS 55988, at *3 (S.D.N.Y. Mar. 30, 2016) (Fox, J.) (denying motion for reconsideration) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Thus, "reconsideration is appropriate 'only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *MFW Assocs., LLC v. Plausteiner*, No. 15 Civ. 2513 (PAE), 2016 U.S. Dist. LEXIS 56151, at *3 (S.D.N.Y. Apr. 27, 2016) (denying motion for reconsideration) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). As in her underlying motion for leave to amend, where LoCurto disregarded the applicable good cause standard, LoCurto ignores the high standard governing motions for reconsideration and asks the Court to reconsider its ruling simply because she is unhappy with the result. There is no basis for reconsideration of the Court's order.

    A.  **There Has Been No Intervening Change In Controlling Law Or New Evidence To Warrant Reconsideration**

LoCurto does not and cannot contend that reconsideration is justified on the basis of an intervening change in controlling law or newly discovered evidence. *See, e.g., Greenwood*

2

*Group, LLC v. Brooklands, Inc.*, 199 F. Supp. 3d 682, 685 (W.D.N.Y. 2016) (party's "repetition of the information" previously submitted to the court in connection with the underlying motion "does not constitute new evidence and does not justify reconsideration[ ]").  LoCurto's motion does not cite to any newly issued case law or identify any evidence about which the Court and the parties were previously unaware.  Accordingly, neither new evidence nor a change in controlling law warrants reconsideration.

      **B.**    <u>**Reconsideration Is Not Appropriate On The Basis Of Clear Error Or Manifest Injustice**</u>

The Court properly concluded that LoCurto's request to amend her complaint was not appropriate at this late stage where judgment establishing liability as to the named plaintiff's claims already exists.[1]  (Dkt. #191, at 6.)

            **1.**    *The Court Did Not Commit Clear Error*

In denying leave to amend, the Court relied on *Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008), where the Second Circuit rejected the plaintiff's inexcusable delay in waiting to seek leave to amend the complaint post-judgment.  *See id.* at 192 (affirming denial of motion for leave to amend the complaint where "Plaintiff did not move promptly . . . when the vulnerability of his complaint became evident" and instead "waited until after the district court dismissed his complaint to propose an amendment[ ]").  Here, there likewise has been an inexcusable delay that extends beyond entry of judgment on liability for the named plaintiff.  LoCurto challenges this Court's interpretation of *Ruotolo*, but LoCurto's disagreement with the Court's interpretation

---

[1] Contrary to LoCurto's contentions, AT&T Mobility does not understand the Court's denial of LoCurto's motion for leave to amend the complaint to be predicated on LoCurto's use of the description "Salesperson" in the proposed amended complaint instead of the terms "Retail Account Executive" or "RAE," which were used in the original complaint. (Dkt. #194-1, at 5-6; Dkt. #191, at 6.)  However, the Court correctly took note of LoCurto's decision to change the terminology in her complaint almost four years after commencing this action.  LoCurto has failed to provide any reasonable explanation for having done so at this late stage in the litigation.

of this precedent is no basis for reconsideration.  *See, e.g.*, *Locke v. Tom James Co.*, No. 11 Civ. 2961 (GBD), 2014 U.S. Dist. LEXIS 19071, at *5 (S.D.N.Y. Feb. 10, 2014) (denying motion for reconsideration; "Plaintiff's contentions demonstrate that Plaintiff simply disagrees with the Court's application of this authority, not that the Court overlooked it.  Plaintiff's reargument does not establish any 'change of controlling law,' 'new evidence,' 'clear error' or 'manifest injustice' that would constitute alternative grounds for reconsideration."); *Kahn v. NYU Med. Ctr.*, No. 06 Civ. 13455 (LAP), 2008 U.S. Dist. LEXIS 3802, at *3-4 (S.D.N.Y. Jan. 15, 2008) (denying motion for reconsideration where plaintiff argued that the court misapplied the relevant Supreme Court precedent).

        **2.**      *There Is No Manifest Injustice*

There also is no basis for reconsideration on the ground of manifest injustice.  As detailed in AT&T Mobility's opposition to LoCurto's motion for leave to amend (Dkt. #183) and sur-reply brief in further support of its opposition (Dkt. #190), denial of Locurto's motion was warranted because LoCurto failed to establish that she was diligent in seeking to expand the scope of this almost four-year old case, which is an essential element for establishing good cause.  *See Lincoln v. Potter*, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006) (denying motion for leave to amend; "If a party was not diligent, the good cause inquiry should end."); *Barclay v. Deko Lounge*, No. 10-cv-0190, 2014 U.S. Dist. LEXIS 4678, at *4-6 (E.D.N.Y. Jan. 14, 2014) (denying motion for leave to amend complaint; "The long and unexplained delay suggests a lack of both diligence and good cause, and suggests that the motion be denied as untimely. . . . Allowing the plaintiffs to assert new theories of recovery at this point in the case would require the parties to undertake further discovery and to either litigate a motion for summary judgment or proceed to trial on these claims.  In other words, allowing amendment would delay resolution of the dispute and force the defendants to expend significant additional resources.") (citations

omitted). Further, LoCurto's proposed amendments would cause undue prejudice to AT&T Mobility by requiring it to expend significant additional resources and significantly delay the resolution of the dispute, as the addition of numerous state law claims and class members would necessitate massive additional discovery. LoCurto's proposed amendments also were futile, as she does not have standing to serve as class representative for claims under state laws in jurisdictions where she did not work, and the amendments raised serious trial management and adequacy issues. Accordingly, there was no basis for granting leave to amend the complaint. Thus, LoCurto cannot establish manifest injustice.

## II.     CONCLUSION

For the foregoing reasons, AT&T Mobility respectfully requests that the Court deny LoCurto's motion for reconsideration of the Court's order denying leave to amend the complaint.

Dated:   April 21, 2017
         New York, New York

Respectfully submitted,

PAUL HASTINGS LLP

By:   /s/ Patrick W. Shea
      Patrick W. Shea

200 Park Avenue
New York, New York 10166
(212) 318-6000
patrickshea@paulhastings.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2017, a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Patrick W. Shea
      Patrick W. Shea