

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/17

1(212) 318-6405
patrickshea@paulhastings.com

September 26, 2017

36516.00239

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street, 15D
New York, NY 10007-1312

Re:   *LoCurto v. AT&T Mobility Services LLC*
      13 Civ. 4303 (AT)

Judge Torres:

Pursuant to the Court's September 21, 2017 Order (ECF 259), directing submission of a narrowly tailored sealing request, Plaintiff's counsel advised us that they take no position on the issue of what documents shall remain sealed in connection with Plaintiff's motions for class and collective certification. This letter provides Defendant's legal and factual justification for sealing certain documents that Plaintiff filed in connection with her recent motions (the "Confidential Documents").

"The public's right to access of judicial records, while presumed, is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003), *aff'd*, 377 F.3d 133 (2d Cir. 2004) (internal citation omitted). When deciding whether to allow parties to file documents under seal, courts balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts in this district hold that an entity's interest in protecting proprietary or sensitive business information outweighs the public's interest in accessing that information, and accordingly, allows parties to file documents containing such information under seal. *See e.g.*, *Myers Indus., Inc. v. Schoeller Arca Systems, Inc.*, No. 14 Civ. 7051 (JFK) (S.D.N.Y. Sept. 16, 2014) (granting a motion to seal an asset purchase agreement and patent license agreement because they "contain proprietary and sensitive business information" and are subject to a protective order issued by another court); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal certain exhibits to a reply declaration "contain[ing] highly proprietary material" concerning the defendant's business because "the privacy interests of the defendants outweigh the presumption of public access.").

In particular, courts regularly allow documents to be filed under seal where disclosure may result in competitive or financial harm. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming a district court finding that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access," where disclosure of the information would subject the party to "financial harm."); *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (holding that documents that "contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors.").

The Confidential Documents (which fall into three categories: Job Descriptions; Training Materials; and Handwritten Notes) contain proprietary, sensitive, and confidential commercial information about AT&T



Hon. Analisa Torres
September 26, 2017
Page 2

and its employees, the disclosure of which would cause AT&T competitive or financial harm. The parties address each category of Confidential Documents below and respectfully request that they be filed under seal or in redacted form as described.

**Job Descriptions.**[1] The parties agree to the public filing of the Job Descriptions, with the exception of information regarding target salary ranges which the parties propose to redact from the versions of Job Descriptions filed publicly. The parties have highlighted in yellow the specific text that they request authority to redact in any publicly filed versions of the Job Descriptions. AT&T's target salary ranges for its positions are not available to the public and constitute sensitive information that competitors could use to poach Company employees and thereby cause AT&T financial harm. Moreover, disclosure of the target salary ranges is tantamount to disclosure of individual employee's salaries, and could therefore invade the privacy rights of employees who are not involved in this lawsuit. *Ashkinazi v. Sapir*, No. 02 CV 0002(RCC), 2004 WL 1698446, at *1 (S.D.N.Y. July 28, 2004) (salary information of nonparty employees ordered to be redacted); *Sterbens v. Sound Shore Med. Ctr.*, No. 01 Civ. 5980(SAS)(KNF), 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (personnel files containing health, financial, and personal data typically viewed as private and therefore subject to protective order preventing disclosure to public); *Lown v. Salvation Army, Inc.*, No. 04 Civ. 01562(SHS), 2012 WL 4888534, at *2 (S.D.N.Y. Oct. 12, 2012) (the parties "appropriately" agreed to redact former employee's prior salary, among other things, and such "redaction vindicates the privacy interest a third-party has in sensitive personal information").

**Training Materials.**[2] The Training Materials constitute confidential and proprietary information that could confer a business advantage to AT&T's competitors if made public. The Company has invested substantial money and resources to develop the Training Materials in a successful effort to provide superior products and services to its customers relative to competing businesses. The public disclosure of these documents would allow competitors to copy AT&T's work, placing the Company at a competitive disadvantage. Courts often find that a company's internal manuals and training materials contain confidential business information and should be filed under seal. *See, e.g., Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 301 (S.D.N.Y. 2015), *reconsideration denied*, Nos. 10 Civ. 5950(KPF)(RLE), 10 Civ. 7304(KPF)(RLE), 2015 WL 4629444 (S.D.N.Y. Aug. 4, 2015), *and aff'd*, 687 F. App'x 39 (2d Cir. 2017) ("the parties' interest in . . . protecting the confidentiality of certain of Defendants' manuals and training materials outweigh the public's interest in disclosure"); *Cohen v. Metro. Life Ins. Co.*, No. 00 Civ. 6112 (LTS)(FM), 2003 U.S. Dist. LEXIS 4468, at * 9 (S.D.N.Y. Mar. 25, 2003) (granting request to file a "Best Practices Manual" under seal); *Bank of New York v. Meridien Biao Bank Tanzania, Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (recognizing internal corporate documents such as audit practice manuals and other internal manuals as the types of materials that may be subject to a protective order).

**Handwritten Notes.**[3] The Handwritten Notes reflect a confidential internal business communication about the potential restructuring of the positions at issue in this lawsuit. As a result, they reveal the Company's real-time strategic considerations regarding a job which has close analogs among AT&T's competitors. Public disclosure of this information would cause AT&T substantial harm by revealing to its competitors the thoughts and potential strategies. Courts routinely grant requests to seal documents containing such confidential strategic business communications. *Grayson v. Gen. Elec. Co.*, No. 3:13CV1799 (WWE), 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (sealing documents revealing "defendant's internal investigations, communications, and policies and procedures" related to the product at issue in the

---

[1] The "Job Descriptions" are Exhibits HH, II, JJ, KK, RR, SS, TT, UU, VV, WW, XX, YY, and ZZ. Of these, the parties propose redactions to Exhibits HH, II, RR, SS, TT, UU, VV, WW, XX, YY, and ZZ.
[2] The "Training Materials" are Exhibits MM, NN, OO, PP, and QQ.
[3] The "Handwritten Notes" are Exhibit LL.



Hon. Analisa Torres
September 26, 2017
Page 3

lawsuit); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing defendants' "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit").

For the reasons described above, Defendant respectfully requests the Court's permission, with respect to the parties' certification and dispositive motions, to file the Training Materials and Handwritten Notes under seal and to redact the highlighted salary range information from the Job Descriptions.

Respectfully submitted,

/s/   Patrick W. Shea

Patrick W. Shea
PAUL HASTINGS LLP
*Counsel for Defendant*

---

Having weighed the factors set forth by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), Defendant's request is GRANTED. *See Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 301 (S.D.N.Y. 2015). Accordingly, the Training Materials and Handwritten Notes shall be filed under seal, and the redacted Job Descriptions shall be filed on the public docket.

Defendant has not objected to Plaintiff quoting from the sealed exhibits in her memoranda of law, and the parties may continue to do so as needed.

Plaintiff shall file the Job Descriptions on the public docket with the approved redactions, and shall file the unredacted versions with the Sealed Records department. To the extent any of the sealed exhibits are not already filed with the Sealed Records department, Plaintiff shall file them there as soon as possible.

SO ORDERED.

Dated: September 28, 2017
        New York, New York

_____
ANALISA TORRES
United States District Judge