

Steven I. Adler, Esq.
Direct Dial:  973.243.7930
Email:  sadler@lawfirm.ms

3 Becker Farm Road
Suite 105
Roseland, New Jersey 07068
www.lawfirm.ms
t. 973.736.4600
f. 973.325.7467

October 5, 2018

Honorable Analisa Torres, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: Lisa LoCurto, et als. v. AT&T Mobility Services, LLC
     <u>Docket No. 1:13-cv-4303 (AT) (KNF)</u>

Dear Judge Torres:

 Respective counsel submit this joint letter with respect to Your Honor's request [ECF 321] concerning how the parties propose to proceed in light of the recent Orders entered by the Court with regard to summary judgment as to liability for the opt-in plaintiffs on the FLSA claim and certification of a Rule 23 class under New York and New Jersey law.

  **1.** **<u>Names and Addresses of Class Members</u>.**

 Counsel for Defendant has indicated it will take a week or two to provide the names and addresses of the individuals who are to receive notice of the class action.  However, due to a high turnover rate at AT&T Mobility and the six-year statute of limitations that applies to class members who worked in New York and are governed by New York law, defense counsel indicated that it may take Defendant slightly longer to gather the information.

  **2.** **<u>Form of Class Notice</u>.**

 Respective counsel will meet and confer over an acceptable form of class notice. We respectfully request that, should the parties be unable to agree on the form of notice by October 31, 2018, each party will submit their respective versions to Your Honor for determination on this issue.

  **3.** **<u>FLSA Statute of Limitations and Liquidated Damages</u>.**

 The parties cannot agree whether a two or a three year statute of limitations should apply on the FLSA claim and whether Plaintiffs will be entitled to liquidated damages. With the Court's permission, Plaintiffs intend to move for summary judgment on these issues. Plaintiffs, however, may need limited discovery concerning whether there was a willful violation of the FLSA resulting in a three year limitations period pursuant to 29 U.S.C. §255(a) and whether Plaintiffs are entitled to liquidated damages because Defendant's failure to pay overtime

1495999

Honorable Analisa Torres, U.S.D.J.
October 5, 2018
Page 2

was not in good faith and that it lacked reasonable grounds for believing that its act or omission was in accordance with the FLSA. 29 U.S.C. § 260.

Plaintiffs propose limited written discovery followed by, at a minimum, a Rule 30(b)(6) deposition with regard to these issues. Plaintiffs further propose conducting this discovery during the time potential Rule 23 class members have to opt-out of the class, see Point 4 below, with Plaintiffs filing their summary judgment motion promptly thereafter.

4. **Opt-Out Period.**

The parties propose a forty five (45) day period from the date notice is mailed for prospective plaintiffs to opt out of the Rule 23 class. The parties also propose an additional thirty (30) day period be provided by which prospective plaintiffs must opt out for those persons who must be located by skip-tracing.

5. **Summary Judgment as to the Rule 23 Class.**

*Plaintiffs' Position*: This Court granted summary judgment as to liability with regard to LoCurto and the other opt-in plaintiffs on the FLSA claim and LoCurto on the state law wage and hour claims. Plaintiffs intend to move for summary judgment with regard to liability on the New York and New Jersey state law claims for the Rule 23 Class after the period to opt-out expires for the same reasons this Court previously granted LoCurto summary judgment as to liability as to those state law claims.

*Defendant's Position*: Defendant requests that Plaintiffs' motion for summary judgment be deferred until the conclusion of class discovery as to liability, see Point 7 below.

6. **Representative Testimony at Trial.**

Should summary judgment as to liability on the state law claims be denied as to the Rule 23 Class, the parties disagree as to whether Plaintiffs can present representative testimony at trial with regard to liability. The parties further disagree as to whether representative testimony can be presented at trial with regard to damages.

*Plaintiffs' Position*: Plaintiffs intend to file a motion concerning these issues at the same time they move for summary judgment concerning the three year statute of limitations and liquidated damages issues under the FLSA. Plaintiffs submit, however, that representative testimony and/or sampling evidence is appropriate to establish summary judgment as to liability, see *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016), as well as aggregate and individual damages. Plaintiffs submit that Defendant is not entitled to individual discovery or a damage trial for each of the Rule 23 class members.

*Defendant's Position*: Following the Court's September 26, 2018 Order granting partial summary judgment as to the claims of the Opt-In Plaintiffs (ECF 320), Defendant submits that a trial concerning the individual damages of each of the Plaintiff and Opt-In Plaintiffs is appropriate. For efficiency reasons, any damages trial should occur only after liability as to the Rule 23 class is determined. Should Plaintiff prevail on behalf of the Rule 23 class as to liability, Defendant will proceed with individual discovery and damages trials for each member of the Rule 23 class. *See Wal-Mart v. Dukes,* 564 U.S. 338, 367 (2011) (rejecting "trial by formula" approach).

# 1495999

Honorable Analisa Torres, U.S.D.J.
October 5, 2018
Page 3

7. **Damages Discovery and Discovery as to the Rule 23 Class.**

*Plaintiffs' Position*: Plaintiffs submit that class-wide discovery as to liability is unnecessary. Plaintiffs further submit that written discovery from all Rule 23 Class members and depositions of most of the Rule 23 Class members, both mentioned in Defendant's Position below, are inappropriate. Plaintiffs need limited discovery as to the damages sustained by the Rule 23 Class. For example, to help determine how many hours Plaintiffs worked each week during the class period, Plaintiffs intend to request, among other documents, phone records relating to the Company-issued cell phones provided to the Rule 23 Class members as well as records related to Company computers provided to them.

*Defendant's Position*: Following the close of the opt-out period, Defendant will seek class-wide discovery as to liability. Defendant anticipates seeking written discovery of all members of the class, as well as deposition testimony from a significant portion of the class. Counsel should be directed to meet and confer concerning the scheduling of depositions. Defendants anticipate completing class-wide discovery within 180 days following the close of the opt-out period. During this discovery period, Defendant will make available for deposition Simon Wang, whose declaration was submitted in support of Defendant's opposition to Plaintiff's motion for summary judgment, and who has now been identified as a person with knowledge of the claims or defenses in this case pursuant to Rule 26(a).

8. **Appeal from this Court's Order Granting Rule 23 Class Certification**.

On October 4, 2018, Defendant filed its Fed. R. Civ. P. 23(f) petition in the United States Court of Appeals for the Second Circuit, requesting permission to appeal the September 20, 2018 order of this Court (ECF 315), which certified this matter as a Rule 23(b)(3) class action.

*Plaintiffs' Position*: Plaintiffs propose that notice to the class and discovery, as outlined above, proceed while the Class Certification ruling is on appeal.

*Defendant's Position*: Defendant requests that notice to the class and discovery be stayed pending its Rule 23(f) petition.

Respectfully Submitted,

*/s/ Steven I. Adler*  
   Steven I. Adler  
   Counsel for Plaintiffs

*/s/ Patrick W. Shea*  
   Patrick W. Shea  
   Counsel for Defendant

SIA/lm

# 1495999