PATRICK W. SHEA
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
patrickshea@paulhastings.com
(212) 318-6000 (telephone)
(212) 319-4090 (facsimile)

*Attorneys for Defendant*
AT&T Mobility Services LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA LOCURTO, *on behalf of herself and all others similarly situated*,<br><br>      Plaintiff,<br><br>   -against-<br><br>AT&T MOBILITY SERVICES LLC,<br><br>      Defendant. | No. 13 Civ. 04303 (AT)(GWG) |

**MEMORANDUM IN SUPPORT OF DEFENDANT AT&T MOBILITY SERVICES LLC'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................... 1

II. RELEVANT BACKGROUND ..................................................................................... 2

    A. The Second Circuit decides Novartis based on controlling deference to the Secretary of Labor's interpretation of the Department's regulations. ................... 2

    B. The Supreme Court abrogates Novartis, holding that the Secretary's interpretation is not entitled to controlling deference in the context of the outside sales exemption. ..................................................................................... 3

III. LEGAL STANDARD ..................................................................................................... 4

IV. THE COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL WHETHER CHRISTOPHER ABROGATED THE SECOND CIRCUIT'S ANALYSIS IN NOVARTIS OF THE ADMINISTRATIVE EXEMPTION. ................... 5

    A. The application of the Second Circuit's administrative exemption analysis in Novartis is a controlling question of law. ........................................................ 5

    B. Courts are divided over the important legal question of whether the Second Circuit's administrative exemption analysis in Novartis remains good law. ................................................................................................................ 6

    C. The immediate appeal of this Court's partial summary judgment ruling, which relies upon the Second Circuit's administrative exemption analysis in Novartis, will materially advance this litigation by potentially avoiding substantial discovery and fourteen independent trials regarding damages. ........... 9

V. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*,
  479 F. Supp. 1118 (E.D.N.Y. 1978) ................................................................. 6, 10

*Am. Recycling & Mfg. Co. Inc. v. Sec'y of Labor*,
  676 F. App'x 65 (2d Cir. 2017) ................................................................................ 8

*Capitol Records, LLC v. Vimeo, LLC*,
  972 F. Supp. 2d 537 (S.D.N.Y. 2013) ..................................................................... 4

*Christopher v. SmithKline Beecham Corp.*,
  567 U.S. 142, 132 S. Ct. 2156 (2012) .................................................................. 3, 4

*Christopher v. SmithKline Beecham Corp.*,
  635 F.3d 383 (9th Cir. 2011), *aff'd*, 567 U.S. 142, 132 S. Ct. 2156 (2012) ............ 3

*Colello v. Bottomline Techs., Inc.*,
  No. 2:14-CV-00297-JAW, 2016 WL 471294 (D. Me. Feb. 5, 2016) ....................... 7

*Fed. Hous. Fin. Agency v. UBS Americas, Inc.*,
  858 F. Supp. 2d 306 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013) ............ 10

*Flo & Eddie, Inc. v. Sirius XM Radio Inc.*,
  No. 13 Civ. 5784(CM), 2015 WL 585641 (S.D.N.Y. Feb. 10, 2015) .................. 4, 6

*Flood v. Just Energy Mktg. Corp.*,
  No. 17-0546-CV, 2018 WL 4471630 (2d Cir. Sept. 19, 2018) ............................ 8, 9

*Gold v. New York Life Ins. Co.*,
  730 F.3d 137 (2d Cir. 2013) ..................................................................................... 8

*Haas v. Verizon New York, Inc.*,
  No. 13 Civ. 8130(RA)(JLC), 2015 WL 4884858 (S.D.N.Y. Aug. 13, 2015),
  *report and recommendation adopted in part, rejected in part*, No. 13-CV-
  8130 (RA), 2015 WL 5785023 (S.D.N.Y. Sept. 30, 2015) ..................................... 7

*Harper v. Gov't Emps. Ins. Co.*,
  980 F. Supp. 2d 378 (E.D.N.Y. 2013), *vacated on other grounds*, 586 F.
  App'x 772 (2d Cir. 2014) ......................................................................................... 6

*Johnson v. Wave Comm GR LLC*,
  4 F. Supp. 3d 423 (N.D.N.Y. 2014) ......................................................................... 7

## TABLE OF AUTHORITIES
(continued)

Page

*Juarez v. Nw. Mut. Life Ins. Co., Inc.*,
   No. 14-CV-5107 (KBF), 2014 WL 12772237 (S.D.N.Y. Dec. 30, 2014) ................................ 10

*In re Lloyd's Am. Tr. Fund Litig.*,
   No. 96 CIV. 1262 (RWS), 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) ................................ 9

*In re Novartis Wage & Hour Litig.*,
   593 F. Supp. 2d 637 (S.D.N.Y. 2009), *vacated and remanded*, 611 F.3d 141
   (2d Cir. 2010) ............................................................................................................................. 2

*In re Novartis Wage & Hour Litig.*,
   611 F.3d 141 (2d Cir. 2010), *abrogated by Christopher v. SmithKline
   Beecham Corp.*, 567 U.S. 142, 132 S. Ct. 2156 (2012) ................................................... passim

*Patton v. Ford Motor Co.*,
   No. 14-CV-0308-RJA-HBS, 2017 WL 2177621 (W.D.N.Y. May 18, 2017) ......................... 7

*Perry v. Randstad Gen. Partner (US) LLC*,
   876 F.3d 191 (6th Cir. 2017) .................................................................................................... 7

*Pippins v. KPMG LLP*,
   759 F.3d 235 (2d Cir. 2014) ..................................................................................................... 8

*Pippins v. KPMG LLP*,
   921 F. Supp. 2d 26 (S.D.N.Y. 2012), *aff'd*, 759 F.3d 235 (2d Cir. 2014) ....................... 6, 8, 9

*Pray v. Long Island Bone & Joint, LLP*,
   No. 14-CV-5386(SJF)(SIL), 2016 WL 9455557 (E.D.N.Y. Aug. 11, 2016) ........................... 7

*Sethi v. Narod*,
   974 F. Supp. 2d 162 (E.D.N.Y. 2013) ...................................................................................... 7

*Torrenegra v. Grameen Am., Inc.*,
   No. 15-CV-3153 (RER), 2017 WL 1401291 (E.D.N.Y. Apr. 19, 2017) .................................. 7

**Statutes**

28 U.S.C. § 1292(b) ......................................................................................................... 4, 10

I.         **PRELIMINARY STATEMENT**

On September 20, 2018, the Court granted final certification to a collective of fourteen opt-in plaintiffs (the "Opt-In Plaintiffs") pursuant to the Fair Labor Standards Act. ECF 315. In its September 26, 2018 Order (the "Order"), the Court granted partial summary judgment to the Opt-In Plaintiffs, holding that they were not exempt from the FLSA's overtime provisions as administrative employees. ECF 320. The Court's analysis of the administrative exemption relied almost exclusively on the Second Circuit's *In re Novartis Wage and Hour Litigation* decision. The Court acknowledged that the Supreme Court's decision in *Christopher v. SmithKline Beecham Corp.* abrogated *Novartis*. Order 14. But the Court applied *Novartis* to the case at bar based on the facts that (1) the *Christopher* decision did not directly address the Second Circuit's analysis in *Novartis* of the administrative exemption; and (2) the Second Circuit subsequently cited *Novartis* in the context of that exemption. *Id.* at 14, n.5 (citations omitted).

Courts within this district disagree regarding whether and to what extent *Christopher* abrogated the administrative exemption analysis in *Novartis*. The Second Circuit has not squarely addressed the issue. Employers making classification determinations, litigants evaluating claims, and district courts deciding cases are left to read the tea leaves. Permitting an interlocutory appeal of this straightforward legal question would significantly affect the conduct of this action and maximize judicial economy by potentially avoiding the need for additional, costly damages discovery and fourteen individual trials on damages. A decision on interlocutory appeal would also have a precedential effect on the myriad cases pending and yet to be filed in the Second Circuit regarding the applicability of the *Novartis* reasoning on the administrative exemption. The issue is central to this case, vital to many others, and ripe for resolution by the Second Circuit. Defendant therefore respectfully requests that the Court certify this issue for interlocutory appeal.

## II.     RELEVANT BACKGROUND[1]

### A.     The Second Circuit decides *Novartis* based on controlling deference to the Secretary of Labor's interpretation of the Department's regulations.

In *Novartis*, the Second Circuit analyzed whether pharmaceutical sales representatives ("PSRs") were properly classified as exempt pursuant to the outside sales exemption or administrative exemption to the FLSA's overtime requirements. *In re Novartis Wage & Hour Litig.*, 611 F.3d 141 (2d Cir. 2010), *abrogated by Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 132 S. Ct. 2156 (2012) ("*Novartis*"). The district court granted summary judgment to Novartis, holding that PSRs fell within both exemptions. *In re Novartis Wage & Hour Litig.*, 593 F. Supp. 2d 637 (S.D.N.Y. 2009), *vacated and remanded*, 611 F.3d 141 (2d Cir. 2010). The plaintiffs appealed, contending that the district court erred with respect to each exemption. *Novartis*, 611 F.3d at 149. On appeal, the Secretary of Labor, participating as *amicus curiae*, argued that the Department of Labor ("Department") regulations precluded the PSRs from classification as exempt under either exemption. *Id.*

In deciding the appeal, the Second Circuit held that the Secretary's interpretations of the Department's regulations were "entitled to 'controlling' deference" because they were not "plainly erroneous" and that, pursuant to those interpretations the PSRs were not outside salesmen or administrative employees. *Id.* at 149; 153 (citations omitted). Regarding the administrative exemption, the Second Circuit stressed that the Secretary interpreted the regulations as requiring "a showing of a greater degree of discretion, and more authority to use independent judgment in matters of significance, than Novartis allows the [PSRs]." *Id.* 156. The Second Circuit found it "appropriate to *defer to the Secretary's interpretation*[,]" and therefore

---

[1] The background facts of this case have been thoroughly briefed in prior submissions to this Court and do not bear directly on the pure question of law for which Defendant seeks certification for interlocutory appeal.

2

held that the district court erred in ruling that the PSRs were administrative employees under the FLSA. *Id.* (emphasis added).

> **B.     The Supreme Court abrogates *Novartis*, holding that the Secretary's interpretation is not entitled to controlling deference in the context of the outside sales exemption.**

In *Christopher*, the Supreme Court addressed the appropriate standard of deference applicable to the Secretary's interpretation of the Department's regulations. *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 165, 132 S. Ct. 2156, 2172 (2012) ("*Christopher*"). That decision resulted from a petition for *certiorari* from a Ninth Circuit opinion holding, in a case with facts nearly identical to *Novartis*, that PSRs *did* qualify for the outside salesperson exemption from the FLSA's overtime requirements. *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 395; 401 (9th Cir. 2011), *aff'd*, 567 U.S. 142, 132 S. Ct. 2156 (2012). The Secretary submitted a similar brief as *amicus curiae* in that case, but the Ninth Circuit—splitting with the Second—found that the Secretary's interpretations were not entitled to controlling deference and held that PSRs were exempt as outside salespersons. *Id.* at 395; 401.

The Supreme Court granted *certiorari* to resolve the split. *Christopher,* 567 U.S. at 153. It affirmed the Ninth Circuit's decision and abrogated *Novartis. Id.* The Court stressed that the Secretary's interpretation was *not* entitled to "controlling deference" and should instead be accorded only "a measure of deference proportional to . . . it[s] power to persuade." *Id.* at 159 (*quoting United States v. Mead Corp.*, 533 U.S. 218, 228, 121 S.Ct. 2164 (2001) (*quoting Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161 (1944))). Applying that standard, the Court found the Secretary's interpretations were "quite unpersuasive" and "flatly inconsistent with the FLSA." *Id.* at 159. The Court thus proceeded to analyze the applicability of the outside salesperson exemption employing "traditional tools of interpretation" instead of deferring to the

3

Secretary's interpretation. *Id.* at 161. It concluded that the PSRs "qualif[ied] as outside salesman under the most reasonable interpretation of the DOL's regulations." *Id.* at 169.

The Supreme Court did not squarely address the Second Circuit's analysis of the administrative exemption in *Novartis*. That exemption was not before the Supreme Court in *Christopher* because neither the District Court nor the Court of Appeals had addressed it below. 567 U.S. at 152, n.9. However, the Second Circuit's analysis in *Novartis* of the administrative exemption was expressly rooted in the controlling deference it assigned to the Secretary's interpretation of the Department's regulations. To this day, the extent to which the Supreme Court's decision in *Christopher* abrogated that analysis remains unsettled.

### III.     LEGAL STANDARD

District courts have discretion to certify an interlocutory appeal of an order that: (1) "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A controlling question of law exists if: (1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases." *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784(CM), 2015 WL 585641, at *1 (S.D.N.Y. Feb. 10, 2015) (citations omitted). A substantial ground for difference of opinion is present where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (citations omitted). An interlocutory appeal materially advances the litigation when it "promises to advance the time for trial or to shorten the time required for trial." *Id.* (quotations and citations omitted).

## IV. THE COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL WHETHER *CHRISTOPHER* ABROGATED THE SECOND CIRCUIT'S ANALYSIS IN *NOVARTIS* OF THE ADMINISTRATIVE EXEMPTION.

### A. The application of the Second Circuit's administrative exemption analysis in *Novartis* is a controlling question of law.

A decision by the Second Circuit that *Christopher* abrogated its administrative exemption analysis in *Novartis* would significantly affect the conduct of this action and would have precedential value for a large number of cases. Absent an interlocutory appeal on this issue, the parties will need to engage in damages discovery with respect to each of the fourteen Opt-In Plaintiffs. Plaintiffs' counsel has also indicated that they seek to engage in written and deposition discovery regarding the issue of liquidated damages and the applicable statute of limitations. ECF 323. Motion practice regarding evidentiary issues will undoubtedly follow. Then the parties and this Court will need to conduct fourteen individual damages trials, each of which will tax the time and resources of the parties and this Court.

If the Court does not certify an interlocutory appeal, the parties will be forced to wait until after that discovery and those fourteen trials for Defendant to file a petition for appeal to the Second Circuit in order to resolve the *Novartis* abrogation issue. If the Second Circuit holds that its administrative exemption analysis in *Novartis* is no longer good law, it will likely remand the case for further proceedings including, presumably, a trial on liability. If Defendant prevails at that trial, all of the parties' and this Court's time and resources spent conducting damages discovery and fourteen individual damages trials will have been wasted. Indeed, Plaintiffs have also now indicated that they intend to file a similar summary judgment motion on behalf of the more than 50 individuals who are members of a recently certified Rule 23 class asserting parallel claims under New York and New Jersey state law.  If the Court were to accord similar reliance on *Novartis* in granting such a motion, scores of additional damages trials will be required. Thus,

5

certifying the issue for interlocutory appeal now could significantly affect the conduct of this action and maximize judicial economy. *See In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 479 F. Supp. 1118, 1129 (E.D.N.Y. 1978) (certifying interlocutory appeal where "expensive and protracted damage trials would be completely avoided" by a reversal).

Moreover, the issue on which Defendant seeks certification "has precedential value for a large number of cases." *Flo & Eddie, Inc*, 2015 WL 585641, at *1 (citations omitted). The administrative exemption is among the most commonly litigated issues under the FLSA. Resolving once and for all the question of whether—and to what extent—the Supreme Court's decision in *Christopher* abrogated the Second Circuit's analysis in *Novartis* of the administrative exemption would settle substantial uncertainty within the Circuit.

>   **B.    Courts are divided over the important legal question of whether the Second Circuit's administrative exemption analysis in *Novartis* remains good law.**

In the wake of *Christopher*, courts in this circuit and beyond have reached disparate conclusions regarding that decision's effect on the administrative exemption analysis in *Novartis*. Prior to this Court's Order, the district courts that squarely addressed the question of whether *Christopher* abrogated the specific administrative exemption holding in *Novartis* held that it did. *See Pippins v. KPMG LLP*, 921 F. Supp. 2d 26, 51 (S.D.N.Y. 2012), *aff'd*, 759 F.3d 235 (2d Cir. 2014) ("Since the Supreme Court, unlike the Second Circuit, concluded that the pharmaceutical representatives qualified for the sales exemption, it never reviewed the Circuit's alternative conclusion that they did not fall under the administrative exemption, rendering that aspect of the Court of Appeals' decision pure dictum.") ("*Pippins I*"); *Harper v. Gov't Emps. Ins. Co.*, 980 F. Supp. 2d 378, 391–92 (E.D.N.Y. 2013), *vacated on other grounds*, 586 F. App'x 772 (2d Cir. 2014) ("Novartis . . . was abrogated by the holding of the Supreme Court in [*Christopher*]" and

6

Case 1:13-cv-04303-AT-GWG   Document 325   Filed 10/11/18   Page 11 of 16

was specifically "abrogated and rendered dicta in the context of pharmaceutical sales representatives . . . [but] remains good law in certain general aspects."); *Colello v. Bottomline Techs., Inc.*, No. 2:14-CV-00297-JAW, 2016 WL 471294, at *12, n.20 (D. Me. Feb. 5, 2016) ("The *Novartis* decision's precedential value has been called into doubt . . . [t]o the extent that [plaintiff] analogizes to the facts of *Novartis*, the Court declines her invitation to consider that analogy in ruling on discretion and independent judgment.") (citations omitted).

Several district courts have cited *Novartis* for general FLSA standards, but have done so without any reliance on its narrow view of what constitutes discretion and independent judgment and without relying on the Secretary's interpretation of the regulations. *See Sethi v. Narod*, 974 F. Supp. 2d 162, 182 (E.D.N.Y. 2013); *Johnson v. Wave Comm GR LLC*, 4 F. Supp. 3d 423, 433 (N.D.N.Y. 2014); *Haas v. Verizon New York, Inc.*, No. 13 Civ. 8130(RA)(JLC), 2015 WL 4884858, at *21 (S.D.N.Y. Aug. 13, 2015), *report and recommendation adopted in part, rejected in part*, No. 13-CV-8130 (RA), 2015 WL 5785023 (S.D.N.Y. Sept. 30, 2015); *Pray v. Long Island Bone & Joint, LLP*, No. 14-CV-5386(SJF)(SIL), 2016 WL 9455557, at *9 (E.D.N.Y. Aug. 11, 2016); *Torrenegra v. Grameen Am., Inc.*, No. 15-CV-3153 (RER), 2017 WL 1401291, at *10 (E.D.N.Y. Apr. 19, 2017); *Patton v. Ford Motor Co.*, No. 14-CV-0308-RJA-HBS, 2017 WL 2177621, at *5 (W.D.N.Y. May 18, 2017).

One concurring Sixth Circuit opinion has distinguished in a single sentence the facts before it from those at issue in *Novartis*, with no substantive discussion of the abrogation issue. *See Perry v. Randstad Gen. Partner (US) LL*C, 876 F.3d 191, 219 (6th Cir. 2017) ("Randstad's staffing consultants would still be exempt even under the one opinion [*Novartis*] coming to a contrary conclusion on pharmaceutical sales representatives") (citations omitted).

7

After *Christopher*, the Second Circuit briefly discussed *Novartis* in a decision regarding the FLSA's learned professionals exemption.[2] *Pippins v. KPMG LLP*, 759 F.3d 235, 240-41 (2d Cir. 2014) ("*Pippins II*"). The court held that the "discretion and judgment" required for one prong of the learned professionals exemption was "of a different character" than the discretion and independent judgment relevant to the administrative exemption. *Id.* In its analysis, the Second Circuit cited to *Novartis* for general requirements of the administrative exemption—which was not itself at issue in *Pippins*. *Id.* Each of these citations was to language derived *directly* from the Department's regulations—not from Secretary's interpretation and not from the Second Circuit's substantive analysis in *Novartis* of whether the administrative exemption applied. *Id.* The decision drew no comparison between the PSRs at issue in *Novartis* and the audit associates at issue in *Pippins*. And it expressed no disagreement with the district court's opinion that *Christopher* rendered the analysis of the administrative exemption in *Novartis* "pure dictum." *Pippins I*, 921 F. Supp. 2d at 51.

Most recently, the Second Circuit noted that "[t]he Supreme Court's decision in *Christopher* abrogated our ruling in *In re Novartis Wage & Hour Litig.*, 611 F.3d 141 (2d Cir. 2010), which had concluded on similar facts that pharmaceutical sales representatives were not within the scope of the outside salesman exemption[.]" *Flood v. Just Energy Mktg. Corp.*, No. 17-0546-CV, 2018 WL 4471630, at *6, n.6 (2d Cir. Sept. 19, 2018). The *Flood* decision did not qualify the abrogation as limited to the analysis of the outside salesperson exemption. But

---

[2] After *Christopher*, the Second Circuit also cited to *Novartis* without substantive discussion for the *de novo* standard of review applicable to appeals of summary judgment decisions, *see Gold v. New York Life Ins. Co.*, 730 F.3d 137, 144 (2d Cir. 2013), and with respect to the standard for deference afforded to the Secretary's regulations, *see Am. Recycling & Mfg. Co. Inc. v. Sec'y of Labor*, 676 F. App'x 65, 69 (2d Cir. 2017).

8

because only the outside salesperson exemption was at issue in *Flood*, the decision also did not squarely address the effect of *Christopher* on the administrative exemption analysis in *Novartis*.

To this day, more than six years after the Supreme Court decided *Christopher*, the district court's statement in *Pippins* holds true: "[i]t is, of course, open to question whether any of the *Novartis* decision survives the Supreme Court's ruling in *[Christopher]*." *Pippins*, 921 F. Supp. 2d at 51. The Court should certify this issue for interlocutory appeal so the Second Circuit can resolve the open question and put an end to conflicting interpretations.

> C. **The immediate appeal of this Court's partial summary judgment ruling, which relies upon the Second Circuit's administrative exemption analysis in *Novartis*, will materially advance this litigation by potentially avoiding substantial discovery and fourteen independent trials regarding damages.**

If this Court declines to certify the issue for interlocutory appeal, this litigation will proceed to discovery regarding the respective damages sought by each of the fourteen Opt-In Plaintiffs. As the plaintiffs recently indicated, they also intend to seek written and deposition testimony regarding the issues of liquidated damages and the statute of limitations. All of this discovery will likely be followed by motion practice regarding the admissibility of various evidence, and regarding whether certain time is or is not compensable as a matter of law. Next, the parties and Court will need to conduct fourteen individual trials on the issue of damages. This discovery, this motion practice, and these damages trials may all be avoided if the Court grants the motion for certification of an interlocutory appeal. *See In re Lloyd's Am. Tr. Fund Litig.*, No. 96 CIV. 1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) ("The institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b).").

If the Second Circuit were to hold on appeal that the administrative exemption analysis in *Novartis* is no longer good law because it was rooted in controlling deference to the Secretary's interpretations—which the Supreme Court deemed improper—it would remand this action for

9

further proceedings including, presumably, a trial on liability. If Defendant prevails with respect to liability at trial, there will be no need for the parties and this Court to expend the resources attendant to damages discovery and fourteen damages trials. Thus, "an immediate appeal from the [Order] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Moreover, guidance from the Second Circuit on this issue could increase the likelihood of a settlement in this case—regardless of how the Second Circuit rules. *Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 338 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013) (certifying interlocutory appeal where affirmance by Second Circuit was "likely to significantly affect the parties' bargaining positions and may hasten the termination of this litigation through settlement"); *Juarez v. Nw. Mut. Life Ins. Co., Inc.*, No. 14-CV-5107 (KBF), 2014 WL 12772237, at *2 (S.D.N.Y. Dec. 30, 2014) (same) (citations omitted); *In re Air crash Disaster*, 479 F. Supp. at 1129 (certifying interlocutory appeal where "damage trials may be rendered completely unnecessary as an affirmance may effectuate a willingness to settle"). Absent such guidance, the parties may lack sufficient clarity on the applicable law to engage in fruitful settlement discussions. That lack of clarity may cause the parties to engage in substantial damages discovery and fourteen damages trials merely to reach a final judgment from which Defendant will take an appeal as of right to the Second Circuit regarding the same issue that is already ripe for interlocutory appeal today.

## V. CONCLUSION

For the foregoing reasons, this Court should certify for interlocutory appeal to the Second Circuit the issue of whether and to what extent *Christopher* abrogated the administrative exemption analysis in *Novartis*.

Dated: October 11, 2018  Respectfully submitted,
New York, New York

By:   /s/ Patrick W. Shea
      Patrick W. Shea

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
patrickshea@paulhastings.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2018, a copy of the foregoing Defendant's Memorandum of Law in Support of Motion for Certification of an Interlocutory Appeal, dated October 11, 2018, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea