# PAUL
# HASTINGS

1(212) 318-6405
patrickshea@paulhastings.com

February 6, 2019                                                                                          36516.00239

**VIA ECF**

Honorable Gabriel W. Gorenstein, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Lisa LoCurto v. AT&T Mobility Services LLC*
        Civil Action No. 1:13-cv-04303-AT-GWG

Dear Judge Gorenstein:

We write on behalf of Defendant AT&T Mobility Services LLC ("AT&T"), in further response to Plaintiffs' submission to the Court dated January 28, 2019 (ECF No. 340) and pursuant to this Court's Order dated January 30, 2019 (ECF No. 342).

On January 10, 2019, after reviewing two letter-briefs from each party regarding their respective positions on absent class member discovery (ECF Nos. 330–34) and twice hearing oral argument on the issue, Your Honor ruled from the bench that AT&T would be granted the opportunity to depose a statistically significant sample of class members and that the only outstanding question was the number of depositions to be granted. (*See* January Transcript, ECF No. 340-1, at 24:15–25:8, 31:8–33:6; *see also* October Transcript, ECF No. 333-1, at 13:1–12, 17:21–18:5.)[1] Your Honor then ordered the parties to submit affidavits from experts who could opine as to the number of depositions necessary for a statistically significant sample of the class. (*Id.*)

In accordance with Your Honor's January 10, 2019 bench ruling, AT&T submitted a one-page letter to the Court (ECF No. 339), attaching a declaration from labor economist J. Michael Dumond (ECF No. 339-1), in which he opines that the number of depositions necessary for a statistically significant sample of the class is 52. (*See* Dumond Decl., ECF No. 339-1, at ¶¶ 2, 5.) Given that six class members were FLSA opt-in plaintiffs, five of whom have already been deposed, AT&T seeks to depose 47 absent class members. (ECF No. 339). Plaintiffs agree that the number of depositions necessary for a statistically significant sample of the class is 52. (ECF No. 340, at 9 ("Plaintiffs advise the Court that, with fifty three (53) [total] Rule 23 class members, a statistically significant sample for a 95 percent confidence level would be 52.")

Despite this agreement, Plaintiffs nonetheless submitted a nine-page letter-brief to the Court, in which they purport to reopen the issue of absent class member discovery. (ECF No. 340, at 9 ("Plaintiffs do not concede or agree that Defendant is entitled to any discovery from absent class members.").) The vast

---

[1] On October 31, 2018, *Plaintiffs* suggested that AT&T should take depositions of a "representative sample" of the class. (October Transcript, ECF No. 333-1, at 8:17–21.) Plaintiffs thereafter took the regressive position that AT&T is not entitled to any absent class member discovery. (*See* ECF Nos. 331–32.)



Honorable Gabriel W. Gorenstein
February 6, 2019
Page 2

majority of Plaintiffs' letter-brief is unresponsive to—or directly contradicts—Your Honor's January 10, 2019 ruling and is duplicative of Plaintiffs' prior briefing on this issue.[2]

Accordingly, we respectfully request that the Court strike from Plaintiffs' letter-brief everything other than the actual response to Your Honor's January 10, 2019 ruling, including the statement: "Plaintiffs advise the Court that, with fifty three (53) [total] Rule 23 class members, a statistically significant sample for a 95 percent confidence level would be 52." (ECF No. 340, at 9.)

A.    Plaintiffs' January 28 Letter-Brief Is an Untimely and Meritless Motion for Reconsideration or Reargument of this Court's January 10, 2019 Ruling.

"Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth 'the matters or controlling decisions which counsel believes the Court has overlooked.'" *Berg v. Kelly*, No. 12 Civ. 3391 (LAK)(GWG), 2018 U.S. Dist. LEXIS 203040, at *7 (S.D.N.Y. Nov. 30, 2018) (Gorenstein, J.) (denying motion for reconsideration under Local Rule 6.3). Pursuant to Local Civil Rule 6.3, "notice of motion for reconsideration or reargument … of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Plaintiffs' letter-brief is dated January 28, 2019—18 days after the January 10, 2019 ruling. Therefore, even if this Court treats Plaintiffs' letter-brief as a motion for reconsideration or reargument under Local Civil Rule 6.3, the motion is untimely.

Moreover, even if this Court excuses the untimeliness of Plaintiffs' motion, it should deny that motion. "The Second Circuit has held that '[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Berg*, 2018 U.S. Dist. LEXIS 203040, at *8 (Gorenstein, J.) (alteration in original) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). The movant is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." *Id.* at *8 (quoting *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013)). Local Civil Rule 6.3 "must be 'narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues.'" *Id.* at *9 (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016). A motion for reconsideration or reargument under Local Civil Rule 6.3 "is not intended as a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (denying motion for reconsideration under Local Rule 6.3). Simply put, a motion under Local Civil Rule 6.3 "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Yet that is exactly what Plaintiffs purport to do here.

Plaintiffs cannot plausibly argue that the Court did not previously consider the issue of absent class member discovery. Your Honor ruled that AT&T would be granted the opportunity to depose a statistically

---

[2] The substance of Plaintiffs' request for additional time to respond (ECF No. 337, *so ordered* ECF No. 338) demonstrates that Plaintiffs understood Your Honor's Order that the parties "advise the Court concerning our respective positions concerning *the number* of absent class members from whom Defendant should be permitted discovery." (ECF No. 337 (emphasis added) (further noting that Plaintiffs had "received Defendant's number").)



Honorable Gabriel W. Gorenstein
February 6, 2019
Page 3

significant sample of class members after reviewing two letter-briefs from each party regarding their respective positions on absent class member discovery and twice hearing oral argument on the issue. (*See* January Transcript, ECF No. 340-1, at 31:8–33:6; *see also* ECF Nos. 330–334.) Plaintiffs do not point to any overlooked matter or controlling decision, intervening change of controlling law, new evidence, clear error, or manifest injustice in support of their untimely motion for reconsideration or reargument. (*See* ECF No. 340.)[3] Accordingly, the motion is meritless and should be denied.

B.     Pursuant to Your Honor's January 10, 2019 Ruling, AT&T Should Be Entitled to Depose 47 Randomly Selected Absent Class Members.

On January 10, 2019, Your Honor ruled that AT&T is entitled to depose a statistically significant sample of the class. Your Honor explained at the hearing:

> My inclination is that given this is not a job description case, not a case where they're agreeing that everyone was doing the exact same job, that they need some opportunity to figure out whether, in fact, it's true that every member of this class was doing the same job in terms of just of the important variable here, which is discretion.
>
> So to do that, I don't see a choice but to give them some opportunity to answer that question in the least burdensome way to your clients that gets the defendants what they need. So my reaction is that we need a [statistically significant] number that somebody provides to me through someone who has expertise in the area. And you can give that to me, and I'll pick a number based upon whatever affidavits I get from the two of you.
>
> If you want to not go down that route, on the plaintiff's side, you can just say we give up. We'll do the whole 50. But if you want to limit it, then, you know, give me an affidavit. And from the defendant's side, it would probably behoove them to give an affidavit because if you give one, then I'm going to go with it unless they give me something to the contrary.
>
> So, and then what we would do, and this may not be easy, is we would have to randomly select people and see if we can somehow figure out a way to depose them. I don't think these should be complicated depositions. They should be quick, and they can be done telephonically as far as I'm concerned. This is not a case where the deponents are going to have to look through documents. They know what they did, it seems to me. And I would like to make it easy as possible.
>
> I really don't think it can be done through interrogatories. It would be one thing if we, you know, just wanted to ask how many hours they worked or something, but there's more to it than that. So I think that's where we are on this.

---

[3] Indeed, Plaintiffs' letter-brief addresses none of these concepts.



Honorable Gabriel W. Gorenstein
February 6, 2019
Page 4


(January Transcript, ECF No. 340-1, at 31:23–33:6.)

Although Plaintiffs opine in their letter-brief that "what is 'statistically significant' is meaningless" (ECF No. 340, at 9), the parties nonetheless agree that 52 class members constitute a statistically significant sample of the class. (*Compare* ECF No. 339 ("How many individuals among a class of 53 must be included in a sample in order to reach a conclusion with 95% confidence that all of the 53 class members are non-exempt from overtime? The answer … is 52."), *and* Dumond Decl., ECF No. 339-1, at ¶¶ 2, 5, *with* ECF No. 340, at 9 ("Plaintiffs advise the Court that, with fifty three (53) [total] Rule 23 class members, a statistically significant sample for a 95 percent confidence level would be 52.").) AT&T has already deposed five class members. Therefore, pursuant to Your Honor's January 10, 2019 ruling, AT&T requests that it be allowed to depose 47 absent class members who have not yet been deposed in this matter.

There is no reason to reconsider Your Honor's January 10, 2019 ruling. In its previously submitted letter-briefs on the issue of absent class member discovery (ECF Nos. 330, 333), AT&T explained that it has a substantive right to assert the defense that class members were exempt, and *Dukes* confirms that Rule 23 of the Federal Rules of Civil Procedure cannot be applied in a manner that would abridge this right. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366–67, 131 S. Ct. 2541, 2560–61 (2011). Even before *Dukes*, courts often granted depositions of *all* class members where the class consisted of fewer than 200 individuals, the defendant could not obtain the relevant information from the representative party, and the defendant requested the discovery in good faith. *See, e.g., Rosen v. Reckitt & Colman Inc.*, No. 91 Civ. 1675 (LMM), 1994 U.S. Dist. LEXIS 16511, at *12 (S.D.N.Y. Nov. 10, 1994) (permitting depositions of all 50 class members; stressing that due to the small class size, sampling would be improper and could cause exculpatory information to go "entirely undiscovered"). In their letter-brief dated January 28, 2019, Plaintiffs argue that this Court should apply a multifactor test, pursuant to which AT&T is required to show that "the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to the common questions and unavailable from the representative parties; and (3) is necessary at trial at issues common to the class." *Stinson v. City of N.Y.*, No. 10 Civ. 4228 (RWS), 2015 U.S. Dist. LEXIS 166618, at *6–7 (S.D.N.Y. Dec. 11, 2015) (quoting *McCarthy v. Paine Webber Grp., Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995)).[4] But AT&T has already made a showing sufficient to satisfy each of these requirements.

AT&T seeks deposition discovery regarding: (1) the degree of discretion and independent judgment exercised by each class member, which is relevant to AT&T's exemption defense; (2) the number of hours worked by each class member, which is relevant to AT&T's defense that, on any given week, that class member is not entitled to overtime even if they are found to be non-exempt; and (3) the extent to which employees spent so-called "on-call" time "predominantly for the employer's benefit," which is relevant to whether that time is compensable. *Singh v. City of New York*, 524 F.3d 361, 367–68 (2d Cir. 2008). In the September 20, 2018 Order (ECF No. 315), this Court found that questions common to the

---

[4] Plaintiffs also argue that discovery in the FLSA collective action somehow obviates the need for discovery in the state-law class actions, but then paradoxically argue that the question of whether plaintiffs exercised discretion and independent judgment with respect to matters of significance "cannot be measured by extrapolation." (See ECF No. 340, at 1–2, 7.) Plaintiffs' latter argument is inconsistent with their position regarding class and collective treatment of the claims asserted in this matter, and it seems to support AT&T's position on January 10, 2019 that it should be allowed to depose *every* absent class member.



Honorable Gabriel W. Gorenstein
February 6, 2019
Page 5

class members in this case include whether they were properly classified as exempt and whether so-called "on-call" time is compensable. (*Id*. at 27.)[5] Furthermore, the Court acknowledged at least one "outlier" among the eight cherry-picked and self-selected account executives based in New York and New Jersey who provided testimony. (*Id*. at 28.) Relevant information is not available from LoCurto—the only representative party of the state-law classes—because she worked independent of other account executives and does not have personal knowledge regarding the degree to which they exercised discretion and independent judgment with respect to matters of significance. Moreover, as Your Honor noted at the January 10, 2019 conference, testimony of this type is not amenable to interrogatory discovery. (*See* ECF No. 340-1 at 33:2–3.)

Without the requested discovery, AT&T will be deprived of its substantive right to prove—and the Court will be unable to determine—whether the absent members of the class performed duties consistent with LoCurto or with the outliers listed in the Court's September 20, 2018 Order.[6] Under these circumstances, AT&T's position with respect to absent class member discovery hardly constitutes "harassment." The discovery that AT&T seeks is "directly relevant to the common questions" in this case (e.g., whether plaintiffs exercised discretion and independent judgment with respect to matters of significance) and "necessary at trial" for purposes of determining "issues common to the class" regarding liability and damages. *Stinson*, 2015 U.S. Dist. LEXIS 166618, at *6–7 (citation omitted).

For the foregoing reasons, we respectfully request that this Court, consistent with Your Honor's January 10, 2019 ruling, allow AT&T to depose 47 absent class members who have not yet been deposed in this matter.

Respectfully submitted,

*[signature]*

Patrick W. Shea
of PAUL HASTINGS LLP

cc:     *Via ECF/Email*, Brian Block, Esq.; Michael A. Saffer, Esq.

---

[5] Because the Court has not bifurcated the case with respect to liability and damages, the common-question element does not preclude class member discovery regarding the individualized issue of damages. *See, e.g., Krueger v. New York Tel. Co.,* 163 F.R.D. 446, 449 (S.D.N.Y. 1995) (permitting all requested depositions of class members and interrogatories to all class members regarding damages in the absence of bifurcation).

[6] Plaintiff sent FLSA opt-in notices to 347 account executives. Only 19 opted into the collective, and all five of the class members who have been deposed are among the self-selected 5.5% of putative FLSA collective members who chose to opt-in.