

*Michael A. Saffer, Esq., Member*
*Direct: 973-243-7929*

*Email:  msaffer@lawfirm.ms*

attorneys at law

New Jersey • New York • Florida

3 Becker Farm Road
Suite 105
Roseland, New Jersey 07068
www.lawfirm.ms
t. 973.736.4600
f. 973.325.7467

May 24, 2019

VIA ECF

Honorable Gabriel W. Gorenstein, Chief U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> RE:  *LoCurto, et al. vs. AT&T Mobility Services, LLC*
>      Civil Action No. 1:13cv-04303 (AT) (GWG)

Dear Judge Gorenstein:

This firm represents Lisa LoCurto, the FLSA opt-in plaintiffs, and the New York/New Jersey Rule 23 plaintiffs (collectively, "Plaintiffs") in connection with the above-referenced unpaid overtime action.

Pursuant to Section 2A of Your Honor's Individual Practices, we write to Your Honor requesting a conference with the Court to resolve a discovery dispute. This letter sets forth the basis of that dispute and the need for Plaintiffs' anticipated motion to compel the production of certain documents.

**A.  Facts Germane to the Discovery Dispute**

Defendant AT&T Mobility Services, LLC ("AT&T") formerly employed the relevant Plaintiffs as Retail Account Executives ("RAEs") in New York and New Jersey who, as alleged in this action, were classified as exempt from overtime and, therefore, were not compensated for all hours worked over forty (40) in any given work week in violation of the Fair Labor Standards Act (the "FLSA"), the New York Labor Law ("NYLL") and/or New Jersey Wage and Hour Law ("NJHWL").

The Honorable Analisa Torres, U.S.D.J., granted final certification of the FLSA Collective Action, certification of the Rule 23 NYLL and NJHWL Class, and summary judgment as to liability in favor of the FLSA collective action claims and the Class Representative's NYLL and NJWHL claims.

Honorable Gabriel W. Gorenstein, Chief U.S.M.J.
May 24, 2019
Page 2

AT&T's current Answer to the Complaint contains Tenth, Eleventh, and Sixteenth Affirmative Defenses that assert a "good faith" element as a defense to liability, liquidated damages and an extended statute of limitations under the FLSA and/or NYLL and NJHWL. *See* Answer at 26-28 [Dkt. 14]. As Your Honor knows, typically, "good faith" defenses asserted in unpaid overtime actions often allege that the employer misclassified employees as exempt based upon, among other things, legal advice that the employer received from its counsel and, therefore, the employer acted in "good faith" in misclassifying its employees.

Consistent with their discovery demands concerning the Rule 23 class, Plaintiffs recently demanded that AT&T disclose all attorney-client communications concerning AT&T's decision to classify the RAEs as exempt, based on an implied waiver of the privilege by AT&T's assertion of the "good faith" affirmative defenses. In response, AT&T proposed filing an Amended Answer to amend its Tenth, Eleventh, and Sixteenth Affirmative Defenses to time-limit its "good faith" defenses to on or after May 20, 2015, which is the date of an arbitrator's decision on overtime in AT&T's favor that involved different RAEs (the "Arbitration Decision").[1]

As set forth in the brief discussion below about the applicable case law, the assertion of the "good faith" defense waives the attorney-client privilege as to any and all legal advice that AT&T's counsel provided to AT&T on the issue of whether RAEs were entitled to receive overtime compensation. Accordingly, Plaintiffs seek the entry of an Order compelling AT&T to disclose attorney-client communications concerning legal advice between AT&T and its counsel about classifying RAEs for overtime compensation purposes.[2]

B.  **The Discovery Dispute**

More specifically, on April 22, 2019, Plaintiffs wrote to Defendants requesting that, in light of AT&T's assertion of the "good faith" defenses, AT&T must produce all documents containing attorney-client communications that bear on those defenses. In that letter, Plaintiffs identified unanimous case law in this Circuit holding that, by pleading a "good faith" defense to FLSA liability, AT&T placed its state of mind at issue in classifying RAEs as exempt under the FLSA, and thereby waived the attorney-client privilege on that issue. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 608-17 (S.D.N.Y. 2014); *Foster v. City of New York*, 2016 WL 542639, at *3-5 (S.D.N.Y. Feb 5, 2016); *Nelson v. Sabre Companies, LLC*, 2018 WL 4030533, at *3-5 (N.D.N.Y. July 9, 2018).

---

[1] Plaintiffs advised AT&T that they have no objection to the filing of the proposed Amended Answer, without waiver of the discovery issue set forth herein.

[2] The attorneys who, it appears, provided legal advice to AT&T on this issue are those at the following firms: (a) Ogletree Deakins; (b) Crowell Moring; and (c) Paul Hastings.

Honorable Gabriel W. Gorenstein, Chief U.S.M.J.
May 24, 2019
Page 3

On May 6, 2019, AT&T responded, refused to produce any of the requested attorney-client communications, but sought consent to file the Amended Answer as set forth above. On May 9, 2019, Plaintiffs responded, once again setting forth the legal precedents holding that AT&T cannot "plead around" the good faith element that entitles Plaintiffs access to attorney-client communications involving how RAEs were classified. Plaintiffs requested that AT&T agree to confer in good faith by phone in an effort to resolve this discovery dispute.

**C.**     **Counsels' Efforts to Resolve the Discovery Dispute**

On May 14, 2019, counsel for the parties (Michael A. Saffer, Esq. and Brian M. Block, Esq. for Plaintiffs; and Patrick W. Shea, Esq. and Emily Pidot, Esq. for Defendant) participated in a conference call, in compliance with Section 2A of Your Honor's Individual Practices, and discussed the discovery dispute. The conference call lasted from 11:01 a.m. to 11:14 a.m. In lieu of producing documents containing attorney-client communications, Mr. Shea initially offered as a compromise to identify in a privilege log his firm's transmission of the Arbitration Decision to AT&T. When Plaintiffs' counsel rejected that proposal, Mr. Shea stated that if, after his review of his transmission of the Arbitration Decision to his client, it substantively does not contain anything that his client would not want to disclose, he would produce that, without such a disclosure being a blanket waiver of the attorney-client privilege. Although I advised that such a production would still be insufficient, Mr. Shea stated that he would review that document and advise by May 17, 2019.

Mr. Shea maintained that Plaintiffs are not entitled to have access to all attorney-client communications relating to this action. We agreed and clarified that only those attorney-client communications that involve legal advice on the issue of how AT&T came to classify RAEs for overtime purposes would be discoverable in this action. Mr. Shea did not depart from his position that Plaintiffs are not entitled to review any attorney-client communications whatsoever.

On May 23, 2019, in a conference call among counsel for the parties (Michael A. Saffer, Esq. and Brian M. Block, Esq. for Plaintiffs; and Patrick W. Shea, Esq. and Emily Pidot, Esq. for Defendant) that lasted from 11:16 a.m. to 11:26 a.m., Mr. Shea informed me that AT&T would produce a copy of only his letter transmitting the Arbitration Decision to AT&T. I responded that AT&T's offer was still insufficient because, under the case law, Plaintiffs were entitled to the production of all attorney-client communications relating to the employment classification of the RAEs. In addition, Mr. Shea advised that AT&T would not be providing in this action an updated privilege log of attorney-communications relating to the "good faith" defense. During that conference call, I informed Mr. Shea that I believed the parties to be at an impasse and he agreed. I further advised Mr. Shea that Plaintiffs would be requesting a conference with the Court.

It is indeed clear that the parties are at an impasse on this important discovery issue and only either a conference before Your Honor or motion practice will resolve this issue. We,

Honorable Gabriel W. Gorenstein, Chief U.S.M.J.
May 24, 2019
Page 4

therefore, respectfully request a conference before Your Honor in the first instance. We also intend to file a separate letter application for formal briefing, pursuant to Section 2A.

**D.     Certification**

As an officer of the Court, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on May 23, 2019.

Respectfully submitted,

MICHAEL A. SAFFER

MAS:aw
c:     Patrick W. Shea, Esq. (via ECF)
       Emily Pidot, Esq. (via ECF)

4828-0836-3159, v. 2