USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/13/2019_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA LOCURTO, on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

AT&T MOBILITY SERVICES LLC,

                Defendant.

13 Civ. 4303 (AT) (GWG)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Lisa LoCurto, a former Retail Account Executive ("RAE") employed by Defendant, AT&T Mobility Services LLC ("AT&T"), brings this class and collective action on behalf of herself and other similarly situated employees alleging that Defendant failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), NYLL § 650 *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a *et seq.* ECF No. 1. After this Court conditionally certified an FLSA collective action of all current and former RAEs who worked more than forty hours per week on or after June 20, 2010, ECF No. 111, twenty RAEs and National Retail Account Executives opted into the collective action (the "Opt-in Plaintiffs"), *see* ECF Nos. 114–33. On October 20, 2017, Plaintiff moved for partial summary judgment on Opt-in Plaintiffs' FLSA claims. ECF No. 290. By order dated September 26, 2018, the Court granted Plaintiff's motion. ECF No. 320 (the "Order").[1] Defendant now moves to certify for interlocutory appeal one issue raised in the Order. ECF No. 324. For the reasons stated below, Defendant's motion is DENIED.

---

[1] By the time of the Order, there were fourteen Opt-in Plaintiffs. *See* Order at 1.

**BACKGROUND**

The relevant facts and prior proceedings are set forth in the Order and familiarity is presumed. *See* Order 2–4. In its brief opposing Plaintiff's summary judgment motion, Defendant argued that there was a genuine dispute of material fact as to the application of the FLSA's administrative exemption because "Opt-in Plaintiffs exercise discretion and independent judgment in five aspects of their jobs: (1) scheduling and supervision of store visits; (2) training sales associates; (3) marketing and merchandising; (4) long- and short-term business planning; and (5) their authority to resolve store and customer issues." *Id.* at 11 (citing ECF No. 297 at 5–20). The Court disagreed, holding that "Plaintiff has established the absence of a genuine dispute of material fact on the ground that Opt-in Plaintiffs' primary duty does not involve the exercise of discretion and independent judgment on matters of significance." *Id.* at 11. Opt-in Plaintiffs were, therefore, not administrative employees exempt from the FLSA's overtime requirement. *Id.* at 9. When analyzing whether Opt-in Plaintiffs exercised discretion with respect to training sales associates, the Court analogized Opt-in Plaintiffs' training role to that of the plaintiffs in *In re Novartis Wage and Hour Litigation*, 611 F.3d 141, 156 (2d Cir. 2010) (hereinafter "*Novartis*"). *Id.* at 14. Defendant now seeks to certify the issue of "whether and to what extent" *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 153 (2012) "abrogated the administrative exemption analysis in *Novartis*." Def. Mem. at 10, ECF No. 325.

**DISCUSSION**

**I. Legal Standard**

In accordance with the three-pronged test set forth in 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where: (1) "[the] order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3)

"an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784, 2015 WL 585641, at *1 (S.D.N.Y. Feb. 10, 2015). The moving party bears the burden of establishing that all three factors have been met. *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14 Civ. 3139, 2017 WL 129021, at *1 (S.D.N.Y. Jan. 13, 2017). Because interlocutory appeals are strongly disfavored, "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (alteration in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). "District courts retain unfettered discretion to deny certification of an interlocutory appeal even when a party has demonstrated the criteria of 28 U.S.C. § 1292(b) are met." *Gulino v. Bd. of Educ. of City Sch. Dist. of the City of New York*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

## II. Application

With respect to the first § 1292(b) factor, there is a controlling question of law when: "(1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases." *Flo & Eddie, Inc.*, 2015 WL 585641, at *1 (internal quotation marks and citation omitted).

Defendant has failed to identify a "controlling" question of law. First, there is no question that reversal of the Order would not terminate the action. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) (finding that there was no

3

question of controlling law when "reversal of the [o]rder may well simplify [the] action or alter its course" but would not terminate it). Second, the answer to the question Defendant seeks to have certified—whether the Supreme Court's decision in *Christopher* abrogated the Second Circuit's administrative exemption analysis in *Novartis*—does not control the Order. Although the Order did analogize to *Novartis*, the primary basis for the Court's holding was the text of the relevant regulation. *See* Order at 14 ("Put differently, Opt-in Plaintiffs did no more than use 'skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.' 29 C.F.R. § 541.202(e).").[2] In other words, "a Second Circuit ruling for [D]efendant[] on the question [D]efendant[] seek[s] to certify would not change the outcome." *Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 396 (S.D.N.Y. 2014). Finally, the Court has considered the precedential value of this question and does not consider it sufficient to warrant certification. *See S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) ("Precedential value, while certainly something that should be considered, is not in this Court's view per se sufficient to meet the 'controlling issue of law' standard.").

Defendant has similarly failed to show that certification would materially advance the termination of this litigation. In determining whether this factor is met, "courts must consider the institutional efficiency of both the district court and the appellate court." *Tocco v. Real Time Resolutions, Inc.*, No. 14 Civ. 810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015). "[C]ourts place particular weight on" this requirement, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) (internal quotation marks and citation omitted), and it is "strictly construed," *United States v. Prevezon Holdings Ltd.,* No. 13

---

[2] The Court granted Plaintiff LoCurto's partial motion for summary judgment on the same grounds without discussing the *Novartis* decision. *See* ECF No. 173 at 16 ("[T]he discretion exercised by LoCurto while teaching salespeople . . . is de minimis because she is 'applying well-established techniques, procedures [and] specific standards,' 29 C.F.R. § 541.202(e)." (alteration in original)).

4

Civ. 6326, 2016 WL 187936, at *4 (S.D.N.Y. Jan. 15, 2016); *see also Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992). For example, the court in *In re Goldman Sachs Group, Inc. Securities Litigation* found "the mere possibility that a reversal of the Court's order would end the case" insufficient to satisfy this element. No. 10 Civ. 3461, 2014 WL 5002090, at *2 (S.D.N.Y. Oct. 7, 2014).

Here, as previously discussed, a reversal of the Order would not terminate the litigation. Instead, Defendant argues that this requirement is met because if the Court does not certify the issue, the litigation "will proceed to discovery regarding the respective damages sought by each of the fourteen Opt-In Plaintiffs," including "fourteen individual trials on the issue of damages." Def. Mem. at 9. Defendant further argues that if the Second Circuit holds "that the administrative exemption analysis in *Novartis* is no longer good law . . . it would remand this action for further proceedings including presumably, a trial on liability" and "[i]f Defendant prevails with respect to liability at trial, there will be no need . . . to expend the resources attendant to damages discovery and fourteen damages trials." *Id.* at 9–10.

These arguments are not persuasive. First, as previously discussed, even if the Second Circuit held that *Novartis* is no longer good law, such a holding would likely not alter the Order. Even if it did, and the case proceeded to trial, the Court would only avoid the fourteen damages trials if Defendant prevailed at trial.[3] In other words, it is substantially less likely that the certification would materially advance the litigation here than in a case where a reversal would terminate the litigation. Moreover, Defendant fails to acknowledge the likelihood that certification could further delay this action, which has already been pending for six years. *See Goldman Sachs*, 2014 WL 5002090, at *2 ("This one-sided argument fails to take into account

---

[3] Additionally, it is possible that Opt-In Plaintiffs could present representative testimony on damages in a single proceeding, rather than having fourteen individual damages trials.

5

the (just as likely) possibility that certification will delay the action further."). Although Defendant "trumpet[s] the cost savings, efficiency and preservation of judicial resources that certification would provide," *id.*, it has failed to demonstrate that an immediate appeal would materially advance the termination of this litigation.[4]

Moreover, Defendant has failed to demonstrate that this case fits within the "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Defendant does not "claim that waiting for a final order would cause them any prejudice beyond delay and added litigation expense." *In re Lehman Bros. Holdings Inc.*, No. 13 Civ. 2211, 2014 WL 3408574, at *3 (S.D.N.Y. June 30, 2014).

The Court, therefore, declines to certify the Order for interlocutory appeal in accordance with § 1292(b).[5]

**CONCLUSION**

For the reasons stated above, Defendant's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 324.

SO ORDERED.

Dated: June 13, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[4] The Court similarly declines to certify this action on the basis that "guidance on this issue from the Second Circuit could increase the likelihood of a settlement in this case." Def. Mem. at 10. *See Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 Civ. 2136, 1997 WL 473566, at *8 (S.D.N.Y. Aug. 18, 1997) ("[I]f a likelihood of settlement were a basis for certifying interlocutory orders for appeal, the 'floodgates' to piece-meal appeals would truly be opened.").

[5] Having found that Defendant failed to satisfy prongs one or three, the Court declines to analyze the second prong. *See In re Adelphia Commc'ns Corp.*, No. 06 Civ. 4983, 2008 WL 5453738, at *1 (S.D.N.Y. Dec. 31, 2008) (declining to analyze the first and second § 1292(b) factors because it was "clear that certification would not materially advance the termination of the litigation").